■ In the Matter of WILLIE BROWN, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.

On this appeal, petitioner contends that he was deprived of his right to call witnesses at his disciplinary proceeding. However, his failure to name specific witnesses at the hearing justified the hearing officer's decision not to allow testimony from a large number of potential witnesses, identified only as "members of Mosque", due to hazards to prison safety such a procedure would have entailed (*see, Wolff v McDonnell,* 418 US 539).

With regard to petitioner's contention that he was denied effective employee assistance, the employee assistant was required to investigate any reasonable factual claim the inmate might make (*see,* 7 NYCRR former 253.3). However, petitioner gave his assistant no reasonable information to investigate.

As to petitioner's contention that the hearing officer was improperly designated, the facts establish that although she was watch commander on the date of the incident, she did not witness it or become directly involved in it (*see,* 7 NYCRR former 253.2 [d]).

Finally, petitioner's contention that he was not provided with an adequate statement of the reasons for the disposition is without merit since the hearing officer's report provided an adequate basis for review by stating both the reason for the disposition and the evidence upon which it was based (*see, Wolff v McDonnell, supra; Matter of Amato v Ward,* 41 NY2d 469). Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.