OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed.
 

 While petitioner was serving a sentence at Wyoming Correctional Facility he was charged with violating the standards of inmate behavior (7 NYCRR part 270) by inflicting bodily harm on another, creating a disturbance, and destroying State property. Following a Tier III Superintendent’s disciplinary hearing
 
 (see,
 
 7 NYCRR part 254), petitioner was found guilty of the charges. A penalty was imposed consisting of 180 days of special housing unit confinement, loss of 180 days of good time and other privileges, and 14 days alternative diet. After exhausting his administrative appeals, petitioner commenced the instant article 78 proceeding. He contends thát the Superintendent’s determination must be annulled because respondent’s regulations fail to give notice, which he believes is required by Correction Law § 138 (3), of the maximum amount of time for which a Tier III penalty may be imposed. We disagree.
 

 Correction Law § 138 (3) provides "[fjacility rules shall be specific and precise giving all inmates actual notice of the conduct prohibited. Facility rules shall state
 
 the range of disciplinary sanctions
 
 which can be imposed for violation of each rule” (emphasis added). Under the applicable regulations,
 
 *852
 
 inmates are informed of what conduct is proscribed, what level of offense may be charged (Tier I, II, or III), and what types of penalties may be imposed
 
 (see,
 
 7 NYCRR parts 252-254, 270). The regulations relating to Tier III offenses specify the types of sanctions but not the maximum time limits
 
 (see,
 
 7 NYCRR 254.7 [a]). We conclude that the statutory requirement, that the “range of disciplinary sanctions” be stated, is satisfied by the regulations which give notice of what tier each offense may be prosecuted under and what kinds of punishment may be imposed for each tier. Such an interpretation is consistent with the wording of section 138 (3) and with its statutory purpose of insuring that inmates be given notice of what conduct is proscribed and its possible consequences.
 

 Petitioner’s remaining contention is without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Judgment affirmed, without costs, in a memorandum.