■ NORMAN H. RYAN, as Administrator of the Estate of THOMAS W. RYAN, Deceased, Appellant, v ERIE COUNTY AGRI-CULTURAL SOCIETY et al., Respondents.—Order unanimously affirmed without costs for reasons stated at Special Term, Mintz, J. (Appeal from order of Supreme Court, Erie County, Mintz, J.—vacate dismissal.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.

■ In the Matter of BRADSHAW SAMUELS, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner failed to preserve for judicial review his contention that he was denied effective prehearing assistance by not raising this ground in his administrative appeal *(see, Matter of Wong v Coughlin,* 138 AD2d 899; *Matter of Price v Coughlin,* 116 AD2d 898, 900). Were we to address the merits of petitioner's claim, we would find it without merit. Pursuant to petitioner's request, petitioner's assistant obtained documents and demonstrative evidence, including the relevant chapter of 7 NYCRR. Petitioner's demand for the entire volume of 7 NYCRR and his refusal to specify those portions which he desired in order to prepare his defense at his Tier III disciplinary proceeding were unreasonable. Moreover, he failed to establish any prejudice resulting from the failure to receive the entire volume *(see, e.g., Matter of Law v Racette,* 120 AD2d 846, 848).

Finally, there is no merit to petitioner's claim that respondent's regulations (7 NYCRR 254.7) do not satisfy the requirement of Correction Law § 138 (3) that facility rules "state the range of disciplinary sanctions which can be imposed for violation of each rule" *(see, Matter of Coleman v Kelly,* 72 NY2d 850). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.