John CZAJKA, et al., Plaintiffs,

v.

Dick MOORE, et al., Defendants.

No. 88–2225C(6).

United States District Court,
E.D. Missouri, E.D.

March 15, 1989.

**254**

John Czajka, Pacific, Mo., pro se.

Diann Czajka, St. Charles, Mo., pro se.

Kathi Chestnut, Sp. Asst. Atty. Gen., Evans & Dixon, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is currently before the Court on plaintiffs' motion for temporary injunctive relief. The Court had denied plaintiffs' motion for temporary restraining order or preliminary injunction. That order was based on the Court's conclusion that, under the circumstances of this case, the plaintiffs' likelihood of success on the merits at trial was not enough to outweigh the harm to defendant of granting the relief sought. On appeal, the Eighth Circuit has determined that the plaintiffs have a strong likelihood of success on the merits. *Czajka v. Moore*, slip op. No. 89–1280 (8th Cir. March 8, 1989). Following the Eighth Circuit's holding on that issue of the preliminary injunction test, this Court grants plaintiffs' motion for a preliminary injunction.

The facts of this case as presented by affidavit are as follows:

Plaintiff John Czajka is currently, and was at all times pertinent to this action, an inmate at Missouri Eastern Correctional Center. He and his wife, Diann Czajka, bring this action under 42 U.S.C. § 1983, alleging that certain disciplinary measures were taken by the prison without affording plaintiffs due process of law. Specifically, plaintiffs allege that Mr. Czajka was denied an impartial hearing on a conduct violation with which he was charged.

A prison official, Paul Irish, had received complaints that open sexual activity was taking place in the prison's main visiting room. The main visiting room is used by families of prisoners, sometimes including small children, and is for this reason a "non-contact," as opposed to a "conjugal", visiting room.

In order to investigate the validity of the complaints, none of which named John and Diann Czajka specifically, Irish stationed another prison official, Fred Elder, behind a one-way observation mirror located at one wall of the visiting room. On November 6, 1988, when Irish was acting as shift captain, Elder reported his observation of Mr. and Mrs. Czajka engaged in sexual intercourse in the visiting room. Irish himself never has alleged any personal observation of the reported misconduct. However, as part of his duties as shift captain, Irish terminated the visit and explained to plaintiffs that their visiting privileges had been suspended. A stop order was placed on Mrs. Czajka's visiting card.

On November 7, 1988, a three-member institutional adjustment board convened to hear Czajka's alleged conduct violation and assess punishment. That board, however, could not reach a decision. A second three-member board was therefore convened. This board included Captain Irish. The second board found Czajka guilty of the conduct violation with which he was accused and assessed a penalty consisting of suspension of Diann Czajka's visits to him for six months and confinement in the special adjustment unit for ninety days.

■ The Czajkas contend that they were denied a fair and impartial hearing and due process because Irish sat on the board finding a conduct violation. The Eighth Circuit agrees with this contention. *Czajka v.*

*Moore,* slip op. No. 89–1280 at p. 3 (March 8, 1989). A senior prison official responsible either for reporting alleged conduct violations to the accused prisoner, or for setting in motion general investigations in response to reports of general misconduct, cannot as a matter of law impartially sit on a review board considering a conduct violation connected with either of the aforementioned activities. *Id.*

When determining whether to issue a preliminary injunction, the following factors must be considered:

(1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant should a preliminary injunction be denied; (3) the balance between this harm and the harm that granting the injunction will cause to the other parties litigant; and (4) the public interest. None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction.

*West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir.1986). This Court's earlier denial of preliminary injunctive relief was based largely on its conclusion that plaintiffs had no likelihood of success on the merits. The Eighth Circuit finds otherwise. *Czajka,* at p. 3.

■ The Court has reviewed this matter without a hearing based on the fact that the parties have been given ample opportunity to present their respective positions through complete briefs and affidavits. The facts, as this Court recites them, are not controverted in any of the affidavits submitted. *See Wounded Knee Legal Defense/Offense Committee v. F.B.I.,* 507 F.2d 1281, 1287 (8th Cir.1974).

In accordance with all of the above, and, in particular, *Czajka v. Moore,* slip op. No. 89–1280 (8th Cir. March 8, 1989),

IT IS HEREBY ORDERED that plaintiffs' motion for preliminary injunction be and it is granted. The injunction shall issue against defendants responsible for removing the stop order from plaintiff Diann Czajka's visiting card. The stop order shall be removed and visitation between John and Diann Czajka, in accordance with prison regulations, shall be reinstated as it existed prior to the incidents described herein. John Czajka shall be released from the special adjustment unit if this has not already been done. Said preliminary injunction shall continue until such time as a final decision after trial upon the merits is reached in this case.