■ In the Matter of NOEL SERRANO, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 6, 1988 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was served with an inmate misbehavior report charging him with violating institutional rule 106.10 (failure to obey a direct order), rule 115.10 (failure to comply with frisk procedures) and rule 100.10 (assault or attempt to inflict bodily harm). As related by Correction Officer M. Brannen, the charges arose from an incident in which the officer had ordered petitioner to empty his pockets and place his hands on the wall for a routine frisk. Petitioner emptied all but his right rear pants pocket and, according to the officer, seemed hesitant in doing so. The officer told petitioner to forget it and place his hands on the wall. As the officer reached for the right rear pocket, petitioner took his right hand off the wall, slapped the officer's right hand and swung his right elbow at the officer. The officer then restrained petitioner and completed the frisk. According to petitioner, the dispute occurred because the officer had expressed his annoyance over petitioner's authorization to wear a religious hat. For that reason petitioner claims he was singled out for a frisk and while he was struggling to remove a handkerchief from his rear pocket, the officer struck him in the back and kneed him in the groin.

Pending a Tier III Superintendent's hearing, petitioner was placed in keeplock, and he chose Correction Counselor C. Mills to help him prepare his defense (see, 7 NYCRR 251-4.1 [a] [2]). In March 1988 Mills met with petitioner, read him the misbehavior report and then listened to his version of the event. In response to her inquiry of whether petitioner wanted any witnesses, petitioner gave her the name of inmate J. Morgan, which she took and turned in. Mills testified to that at the Tier III hearing commenced on March 18, 1988. Petitioner claimed that his due process rights were violated since Mills did not interview any witnesses or gather any documentary evidence that would contribute to his defense. Mills admitted that she did not interview Morgan, but rather turned his name in so that he would be present at the hearing. She further testified that petitioner "didn't ask for anything other than the one witness". When petitioner requested records indicating that someone was hurt as the result of the assault, the Hearing Officer asked him to be more specific. Petitioner then asked for medical records and was informed that they

were nonexistent since no one was injured. When Brannen was asked if he had filed any written statement that he had used physical force during the frisk or if he had filed an unusual incident report, Brannen stated that he had filed a form, but petitioner did not request its production. Correction Officer R. Boire testified and corroborated the version of the incident offered by Brannen. In response to petitioner's inquiry as to whether this witness had filed a separate report of the incident, the witness replied that he had written a memorandum addressed to Deputy Fuller, but petitioner did not request a copy of the memorandum.

After the hearing petitioner was found guilty of all three charges. The penalty imposed was 120 days of keeplock, with a loss of telephone, packages and commissary privileges, and 120 days' loss of good time. This disposition was affirmed on administrative appeal. Petitioner instituted this CPLR article 78 proceeding, claiming that he had been denied meaningful employee assistance and the reports that he had requested. Supreme Court dismissed the petition and petitioner has appealed.

We agree with the determination of Supreme Court. In our view, petitioner was not denied meaningful employee assistance in violation of 7 NYCRR 251-4.2 as claimed on this appeal. An employee assistant is required to investigate any reasonable factual claim the inmate may make (see, Matter of Brown v Scully, 110 AD2d 835; see also, Matter of Bernacet v Coughlin, 145 AD2d 802). Here, although petitioner did not verbally request Mills to interview the witness Morgan, the form that Mills completed stated that petitioner "request[ed] the following be interviewed as potential witnesses". However, in order to succeed on his claim that the assistance was inadequate, petitioner must establish that prejudice resulted from the employee assistant's failure to comply with the regulation (see, Matter of Samuels v Kelly, 143 AD2d 506, lv denied 73 NY2d 707). Inasmuch as Morgan appeared and testified at the hearing, petitioner has failed to show prejudice resulting from the employee assistant's failure. His argument to the contrary must, therefore, be rejected (see, Matter of Wright v Scully, 124 AD2d 805).

As to petitioner's contention that the employee assistant did not locate documents or reports indicating he had assaulted someone, Mills testified that she did not recall any such request. Thus, a credibility issue was presented for the Hearing Officer that he resolved against petitioner. Furthermore, even if such a request was made, it was unreasonable since

petitioner did not specify the documents he wanted produced *(see, Matter of Brown v Scully, supra)*. It follows that petitioner was not denied meaningful employee assistance in violation of 7 NYCRR 251-4.2.

We further find that the record does not support petitioner's claim that he was denied relevant documentary evidence. Petitioner's only request was for nonexistent medical records. The reports of the correction officers, which they admitted making, were not requested, so there is no merit to petitioner's claim that he was denied his right to submit relevant documentary evidence *(see, Matter of Bernacet v Coughlin, supra)*. The judgment appealed from should, therefore, be affirmed.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.