In the Matter of MICHAEL SMITH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review five determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was confined to the special housing unit (hereinafter SHU) of Coxsackie Correctional Facility in Greene County on August 1, 1988 when a takeover of SHU by inmates occurred in which five correction officers were held hostage and assaulted and significant property damage was caused to the facility. Petitioner was served with five misbehavior reports, each written by a different correction officer, charging him with numerous counts of assault, threats, disturbing the order of the facility, and other serious disciplinary rule violations based upon his alleged role in the takeover. Separate tier III Superintendent's hearings were held before the same Hearing Officer for each misbehavior report. At the conclusion of each hearing, petitioner was found guilty of all the charges contained in the particular misbehavior report at issue and he received a total penalty of five years' confinement in SHU with loss of privileges and good time for the same period. The dispositions were administratively affirmed and petitioner commenced this CPLR article 78 proceeding to annul respondent's determinations.

Petitioner's claim that he was denied adequate employee assistance is without merit. It is undisputed that petitioner met with his employee assistant prior to the commencement of the hearings and that the Hearing Officer granted petitioner an adjournment at the beginning of each hearing to permit him to consult further with his assistant. Petitioner objects to the fact that his initial requests to the employee

assistant and the Hearing Officer for a list of the 32 inmates who were in SHU at the time of the takeover were denied. During the course of the hearings, however, petitioner was provided with such a list and his request for an adjournment to permit his employee assistant to interview all 32 inmates was denied by the Hearing Officer as redundant in light of the fact that petitioner had already requested a total of eight inmate witnesses for his hearings. In the absence of any claim by petitioner that such interviews were necessary to investigate a particular factual claim, the Hearing Officer properly considered the request unreasonable *(see, Matter of Serrano v Coughlin,* 152 AD2d 790, 792; *Matter of Samuels v Kelly,* 143 AD2d 506, *lv denied* 73 NY2d 707). Moreover, every inmate requested by petitioner who agreed to testify at the hearings was interviewed by the Hearing Officer and gave exculpatory testimony. Based on the foregoing, petitioner has failed to establish that any prejudice resulted from the assistant's failure to interview all the inmates who were in SHU during the takeover *(see, Matter of Serrano v Coughlin, supra).*

Petitioner also contends that the misbehavior report written by Correction Sergeant Thomas McKernon was impermissibly vague and that the determination finding him guilty of the six charges contained in that report is not supported by substantial evidence. In our view, the description of the incident alleging that petitioner had conspired with other inmates in the takeover of SHU, in the holding of the hostages and the destruction of State property was sufficiently specific under the circumstances to comply with respondent's regulations (7 NYCRR 251-1.4 [c]). The misbehavior report, combined with McKernon's testimony that he saw petitioner assault correction officers who were being held hostage and that he saw petitioner in the console area just after the glass in it was broken, constituted substantial evidence of petitioner's guilt *(see, Matter of Fletcher v Coughlin,* 161 AD2d 869; *Matter of Collins v Coughlin,* 156 AD2d 793, *lv denied* 75 NY2d 707). We also find petitioner's double jeopardy claim to be utterly meritless *(see, Matter of Fletcher v Coughlin, supra).*

Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.