Michael WHITE, Appellant,

v.

McDONNELL DOUGLAS CORPORATION and McDonnell Douglas Aircraft, Appellees.

No. 89–2765.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1990.

Decided June 1, 1990.

Doris Gregory Black, St. Louis, Mo., for appellant.

Thomas Walsh, St. Louis, Mo., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Michael White appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri granting summary judgment for defendants on his claims under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e. For the reasons discussed below, we affirm the judgment of the district court.

In March 1988 White, a black male, filed a complaint against McDonnell Douglas Corporation and McDonnell Douglas Aircraft alleging defendants denied him promotions, transfers, training, and pay raises because of his race and in retaliation for his filing internal complaints of discrimination. In August 1989 defendants moved for summary judgment on the ground that White's deposition testimony given in February and December 1988 (excerpts of which were submitted with the motion) revealed he could not show (1) any act of intentional discrimination as required under section 1981, (2) facts giving rise to an inference of discrimination under Title VII, or (3) a causal relationship between any alleged adverse employment action and either his race or his filing of an equal employment opportunity complaint.

White did not respond to the motion within the twenty-day period provided by the district court's local rule. The district court granted summary judgment for defendants. In a post-judgment motion, White argued that summary judgment was improperly granted because defendants failed to demonstrate the absence of a genuine issue of material fact. He asserted that the district court had in its file answers to interrogatories, responses to defendants' requests for production of documents, and his December 1988 deposition, all of which substantiated White's allegations and indicated he had genuine claims of discrimination and retaliation.[2] White further asserted that the court based its decision in part on his February 1988 deposition which was not an official pleading in this case, and that even if the court took judicial notice of it, that deposition taken as a whole established a genuine issue for trial. He argued that the deposition portions attached to defendants' motion were taken out of context, and he identified page numbers from the transcripts of both depositions that, he contended, contained evidence clearly supporting his claims.

Construing White's motion as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the district court denied it as untimely. Construing the motion as a motion for relief from judgment under Rule 60(b), the court denied it because White had not established mistake, inadvertence, surprise, or excusable neglect as a basis for such relief. This appeal followed.[3]

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

**2.** In his appellate brief, White admits that the complete transcripts of the February and December depositions were first submitted with his post-judgment motion.

**3.** We note that White's post-judgment motion was served and filed on September 22, 1989, or within ten days (excluding weekends) of the date the clerk entered judgment on September 8, 1989. *See* Fed.R.Civ.P. 6(a), 58. We therefore construe White's motion as a timely Rule 59(e) motion. *See Jackson v. Schoemehl,* 788 F.2d 1296, 1298 (8th Cir.1986). White's first notice of appeal, filed before the district court

We believe summary judgment was appropriate. Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Defendants were not required under Rule 56 to negate White's claims. *See id.* at 323, 106 S.Ct. at 2552. They met their initial responsibility to identify portions of the record bearing out their assertion that there was no genuine issue of intentional discrimination, of an inference of discrimination, or of a causal relationship between adverse employment actions and White's previous complaints. *See City of Mt. Pleasant v. Associated Electric Coop.,* 838 F.2d 268, 273–74 (8th Cir.1988). It was then White's "burden to set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on [those] issue[s]." *Id.* at 274. Because White failed to respond at all, the district court properly granted defendants' summary judgment motion.

White's post-judgment assertions that the record supported his claims will not avail. "A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). Although White was not required to cite specific page locations of his supporting evidence, *see id.,* he was obligated to respond to defendants' properly supported summary judgment motion and, by the depositions and discovery responses on file, "designate" specific facts that he believed showed there were genuine issues for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

denied this motion, is of no effect. *See* Fed.R. App.P. 4(a)(4). Because his second notice of appeal followed within thirty days of the denial,

Accordingly, the judgment of the district court is affirmed.

however, he has timely appealed the September 8 judgment. *See Jackson,* 788 F.2d at 1298.