**Kevin Bernard STRICKLAND, Plaintiff,**

v.

**Paul K. DELO, et al., Defendants.**

**No. 90–1081C(6).**

United States District Court,
E.D. Missouri, E.D.

March 21, 1991.

Greg Campbell, Diekemper, Hammond, Shinners, Turcotte & Larrew, St. Louis, Mo., for plaintiff.

Brett Oberheide, Schoenbeck, Schoenbech & Assocs., St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' joint motion for summary judgment and motion to dismiss defendants Delo and Bowersox. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against several officials at the Potosi Correctional Center (PCC). In his complaint plaintiff alleges eight specific violations concerning four disciplinary hearings held on November 7, 1989, involving four separate conduct violations of assault.

At the outset the Court finds that defendants have met their burden of identifying portions of the record which support their assertions that there are no genuine issues as to the following claims: the Adjustment Board's alleged failure to give plaintiff written reasons of evidence which the Board relied on in their findings of guilt; the Board's alleged failure to give plaintiff a copy of investigatory and institutional inter-office communication reports which it Board relied on as evidence in its decision; the Board's alleged violation of plaintiff's eighth and fourteenth amendment rights by their imposition of sanctions and recommendation without written reasons of evidence; and the Classification Team's alleged violation of plaintiff's rights by acting as co-conspirators to unwritten evidence. *See White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir.1990). Plaintiff, by failing to respond to defendants' motion with respect to these claims, has failed to come forward with any evidence indicating the existence of such issues. Accordingly, defendants' joint motion for summary judgment concerning the claims listed above shall be granted. *White*, 904 F.2d at 458.

In his remaining claims plaintiff contends that his failure to receive a Temporary Administrative Segregation Confinement (TASC) form prior to the officials at PCC placing him in TASC violated his constitutional rights; that defendant Scott serving as a member of the Adjustment Board on November 7, 1989 and a member of the Classification Team on November 17, 1989 violated his fourteenth amendment rights; that defendants' failure to allow him to call witnesses on his behalf at the Adjustment Board hearings violated his constitutional rights; and that the Adjustment Board violated his due process rights by finding him guilty without a "quantum of substantial evidence" in its findings.

Defendants have moved for summary judgment and offer exhibits of the conduct violation reports, the TASC forms and procedures, the Classification Team reports and hearing reports, disciplinary action reports, the witness request forms, relevant portions of the inmate rulebook, policy and procedure manual, PCC standard operating procedures, and medical services request for Timothy Cason. In opposition to defendants' motion, plaintiff offers his counsel's affidavit in which counsel contends that plaintiff did not receive a TASC form, that defendants did not produce any witnesses to the alleged incidents at the hearings, and

that during the hearings, plaintiff requested that inmate Timothy Cason be produced as a witness.

■ Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *First Security Savings v. Kansas Bankers Surety Co.*, 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart*, 813 F.2d 874, 876 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ With respect to plaintiff's claim concerning his failure to receive a TASC form prior to the officials at PCC placing him in TASC, the Court concludes that defendants' motion must be granted insofar as plaintiff has failed to identify a defendant who was personally responsible for delivering the TASC form to plaintiff. *See Glick v. Sargent*, 696 F.2d 413, 414–15 (8th Cir. 1983); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985).

■ The Court also concludes that defendants' motion must be granted with respect to plaintiff's claim concerning defendant Scott serving as a member of the Adjustment Board on November 7, 1989

and a member of the Classification Team on November 17, 1989. Defendant Scott did not report the alleged conduct violations to plaintiff nor did he set in motion general investigations in response to reports of general misconduct as in the case of *Czajka v. Moore*, 708 F.Supp. 253, 254–55 (E.D.Mo.1989). Missouri prison policy and Missouri law do not place limits on the composition of the Classification Team that recommends administrative segregation for an inmate.

■ The Court further concludes that defendants' motion must be granted with respect to plaintiff's claim concerning defendants' failure to allow him to call witnesses on his behalf at the Adjustment Board hearings. Prior to his hearings on November 7, 1989, plaintiff did not request that specific witnesses be called to testify on his behalf, but instead, he either requested witnesses without identifying such witnesses until an attorney was present or he requested as witnesses everyone in the general population. *See, e.g., Brown v. Scully*, 110 A.D.2d 835, 488 N.Y.S.2d 84 (1985) (inmate's failure to name specific witnesses at disciplinary hearing justified hearing officer's decision not to allow testimony from a large number of potential witnesses, identified only as "Members of Mosque", due to the hazards of prison safety such a procedure would have entailed); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Court notes that plaintiff for the first time in his memorandum in opposition to defendants' motion for summary judgment asserts that a due process violation occurred when the Adjustment Board failed to fill out a Witness Request Form during the hearings after plaintiff requested that Timothy Cason appear as a witness. The Court concludes that this claim is not properly before the Court in its determination of defendants' summary judgment motion. *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 n. 3 (5th Cir.1990). Moreover, the Court finds that prison officials may deny a prisoner's witness request, such as the one made by plaintiff in this case, if permitting him to do so would jeopardize

institutional safety. *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979.

■ With respect to plaintiff's claim concerning the Adjustment Board violating his due process rights by finding him guilty without a "quantum of substantial evidence" in their findings, the Court concludes that defendants' motion must be granted insofar as plaintiff has not demonstrated as a matter of law that defendants did have to call witnesses available and necessary to the charge being reviewed. "Due process requirements are satisfied if some evidence—that is, any evidence in the record—supports the disciplinary decision." *Rudd v. Sargent,* 866 F.2d 260, 262 (8th Cir.1989) (citing *Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985)); *Wolff,* 418 U.S. at 567, 94 S.Ct. at 2980. As in the *Rudd* case, the statements in the written disciplinary report constitute some evidence to support the Board's finding.

■ Defendants Delo and Bowersox have moved to be dismissed alleging that they had no personal knowledge of and involvement in plaintiff's alleged due process violations concerning the Adjustment Board hearing process so that they could be liable under 42 U.S.C. § 1983 for any procedural defects.

> [T]here is no dispute that '[s]upervisors are not liable for eighth amendment claims brought under section 1983 on a respondeat superior theory.' However, supervisors can be liable for their personal involvement in a constitutional violation, or 'when their corrective inaction amounts to "deliberate indifference" to or "tacit authorization" of the violative practices.'

*Fruit v. Norris,* 905 F.2d 1147, 1151 (8th Cir.1990) (quoting *Williams v. Willits,* 853 F.2d 586, 588 (8th Cir.1988)) (citation omitted). The Court concludes that defendants' motion to dismiss must be granted insofar as plaintiff has not demonstrated that defendants Delo and Bowersox violated plaintiff's constitutional rights or that they were put on notice of a constitutional violation on the part of plaintiff so that any failure on their part to take remedial action did not indicate deliberate indifference or a tacit authorization of a violative process. *Id.*

## ORDER AND JUDGMENT

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that defendants' joint motion for summary judgment shall be and it is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss defendants Delo and Bowersox shall be and it is granted.