■ In the Matter of FREDERICK JOHNSON, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent. [599 NYS2d 69] —In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility, dated March 8, 1990, made after a Superintendent's hearing, which found that the petitioner had violated various prison rules and imposed a penalty, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered October 1, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

We find no merit to the petitioner's contention that he was denied due process because his assigned "employee assistant"

failed to provide him with certain requested documents or information. The petitioner was charged with possessing contraband and interfering with the search of his cell. The information he reportedly requested from his employee assistant would have, according to the petitioner, helped determine whether the Correction Officer who searched his cell did so in retaliation for prior events. However, the motivation for the search had no bearing on the issues at the hearing: i.e., whether the petitioner possessed the contraband and interfered with the search. The petitioner had no right to submit irrelevant documentary evidence (see, 7 NYCRR 254.6 [c]; *Matter of Irby v Kelly,* 161 AD2d 860). Thus, the petitioner was not prejudiced by the alleged omissions of his assistant or deprived of due process (see, *Matter of Serrano v Coughlin,* 152 AD2d 790; *Matter of Samuels v Kelly,* 143 AD2d 506; *Matter of Neri v Coughlin,* 140 AD2d 764; *Matter of Wright v Scully,* 124 AD2d 805). Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.