■ In the Matter of MARTIN TANKLEFF, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Corrections, et al., Respondents. [620 NYS2d 578] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A search of petitioner's cell revealed a gallon of fermenting fruit juice.* The brew tested positive as 7% alcohol. Petitioner was charged with and found guilty of possession of an alcoholic beverage in violation of a State-wide rule. The circumstances of the search and subsequent testing was set forth in a misbehavior report authored by one of the searching correction officers; the report was endorsed by a second correction officer who assisted in the search and also the officer who tested the juice. Along with the testing officer's testimony and other evidence, the report provided substantial evidence supporting the determination of guilt *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139-140).

The chain of custody of the juice from the seizing officer to the testing officer was established by both the misbehavior report and the "confirmation-fermented beverage" report. The record contains no support for petitioner's speculation that the juice was tampered with during the 90 minutes between its seizure and the completion of the alcohol test. Furthermore, contrary to petitioner's contentions, the alcohol test results were properly validated, and a proper foundation was laid for their use at the hearing *(see, Matter of Newman v Coughlin,* 110 AD2d 981). The testing officer, trained in the operation of the testing equipment (a vino-meter), described the testing procedure and results. A copy of the results were provided to petitioner and introduced into the record. The operating instructions for the vino-meter used were also intro-

---

* In this proceeding petitioner concedes that the juice was his and was seized from his cell by the two officers who conducted the search.

duced into the record *(see, Matter of Jennings v Coughlin,* 99 AD2d 635, 636).

In addition, petitioner claims that he was improperly denied documentation as to the authorization for the cell search. However, such documentation was irrelevant to the issue of whether petitioner possessed the contraband *(see, Matter of Johnson v Scully,* 194 AD2d 605), and was properly excluded from the hearing. We also reject petitioner's contention that the hearing was not timely commenced *(see,* 7 NYCRR 251-5.1 [a]). The record reveals that on November 19, 1992, the seventh day following the misbehavior report and petitioner's confinement, an extension was properly requested and granted and the hearing was commenced the following day *(see, Matter of Gardiner v Coughlin,* 190 AD2d 962, *lv denied* 81 NY2d 710). There is no support for petitioner's conclusory contention that the Hearing Officer was not impartial. Petitioner's remaining contentions have been considered and are either unpreserved for review or rejected as unpersuasive.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.