■ In the Matter of DONALD P. JOYCE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [631 NYS2d 455] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, while incarcerated at Clinton Correctional Facility in Clinton County, was served with a misbehavior report charging him with violating a prison disciplinary rule prohibiting the possession of a weapon. It was alleged that, during a search of petitioner's cell, a seven-inch sharpened piece of metal was found under petitioner's bed. A photocopy of the shank was attached to the misbehavior report. Following an extensive hearing, petitioner was found guilty of the charged violation. Although the penalty imposed was modified on petitioner's administrative appeal, the determination of guilt was affirmed. This proceeding ensued.

We have examined the many issues raised by petitioner in this proceeding and find them to be unpersuasive. The misbehavior report and the testimony of, among others, the correction officer who discovered the shank in petitioner's cell provided substantial evidence to support the determination of guilt (*see, Matter of Tankleff v Coughlin*, 210 AD2d 815, 816; *Matter of Price v Coughlin*, 195 AD2d 995). The claim by petitioner and his inmate witnesses that the shank was planted by prison staff in retaliation for his complaints of inmate mistreatment merely created a credibility issue that was permissibly resolved against petitioner (*see, Matter of Burgos v Coughlin*, 216 AD2d 705; *Matter of Stoll v Coughlin*, 173 AD2d 998). Petitioner's claims regarding alleged defects in the misbehavior report are similarly devoid of merit. Additionally, intermittent minor gaps in the transcript are not so significant as to preclude meaningful review of the proceeding (*see, Matter of Fletcher v Selsky*, 199 AD2d 865, 866, *lv denied* 83 NY2d 753).

As for petitioner's remaining arguments, we conclude that the hearing was timely commenced and completed pursuant to three valid extensions. The fact that the third extension could not be sought and obtained until the day after the second extension expired did not result in any prejudice to petitioner (*see, Matter of Lugo v Coughlin*, 182 AD2d 920, 921). Indeed, the extensions were only needed in order to secure the testimony of witnesses requested by petitioner (*see, Matter of Hernandez v Selsky*, 206 AD2d 656, *appeal dismissed, lv denied* 85 NY2d 854). We also find that petitioner's assistance was adequate and that petitioner was not improperly denied any relevant documents or noncumulative testimony of any pertinent witnesses (*see, Matter of Bryant v Mann*, 199 AD2d 676, 677;

*Matter of Serrano v Coughlin*, 152 AD2d 790, 792-793). Finally, the record contains no evidence of bias affecting the outcome of the hearing (*see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.