In the Matter of DEMETRISS EVERETT, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [678 NYS2d 400] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with and found guilty of violating the prison disciplinary rule prohibiting inmates from possessing alcoholic beverages after a routine search of his cell disclosed a garbage bag and container filled with fermenting juice and bread. Contrary to petitioner's contention, we find that the misbehavior report and supporting memorandum, together with the testimony presented at the hearing, provide substantial evidence of petitioner's guilt (*see, Matter of Sanchez v Leonardo*, 242 AD2d 798). Having found the liquid in petitioner's cell in a locker, a reasonable inference could be drawn that petitioner possessed the liquid even though he was not in his cell at the time of the search (*see, e.g., Matter of Scott v Coombe*, 238 AD2d 648). Furthermore, because the nature of alcoholic beverages is a matter of common knowledge, the correction officers' observations that the liquid substance looked and smelled like alcohol rendered scientific testing of the liquid unnecessary (*see, Matter of Sanchez v Leonardo, supra*). Equally unavailing is petitioner's claim that he was denied relevant documentation relating to the authorization of the search of his cell (*see, Matter of Tankleff v Coughlin*, 210 AD2d 815, 816). Petitioner's remaining contentions, including his claims

of Hearing Officer bias, that a sample of the liquid should have been produced at the hearing and that his penalty was excessive, are either unpreserved for our review or without merit.

White, J. P., Yesawich Jr., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.