■ ‘ In the Matter of ANTHONY STEWARD, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [697 NYS2d 745] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with possession of a weapon. The misbehavior report alleged that while petitioner was in the recreation area, correction officers went to his cell to pack his belongings for a move to another cell. One of the officers discovered a metal shank with a cloth handle inside a cereal box in a locker in petitioner's cell. After a tier III hearing, petitioner was found guilty of the weapon charge.

The detailed misbehavior report and corroborating testimony of the correction officers provided substantial evidence to support the finding of misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Claiming that the weapon was planted in his cell by prison personnel, petitioner alleged that the officers were motivated to retaliate for grievances he had filed. He further alleged that he was never notified of the move and that conducting the move during his absence was not usual procedure. Another inmate testified that the day before the incident an officer entered petitioner's cell for a few seconds.

The testimony of the Captain who ordered the move and the Sergeant who carried out the order established that the move was not merely a pretext and did not violate prison rules. Petitioner's claim that the shank was planted by prison personnel in retaliation for grievances he had filed, and the testimony of the inmate witness to the extent that it supported such a

claim, presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Joyce v Coughlin*, 219 AD2d 777).

Petitioner claims Hearing Officer bias, but the record establishes that petitioner was given every opportunity to present his defense and that petitioner devoted most of his time to repeating the arguments regarding the propriety of the move and retaliation. The fact that the Hearing Officer resolved issues of credibility against petitioner and may have made some brusque comments does not demonstrate bias (*see, Matter of Lawrence v Headley*, 257 AD2d 837). In any event, there is nothing in the record to indicate that the outcome of the hearing flowed from the alleged bias and not from the substantial evidence of petitioner's guilt (*see, Matter of Nicholas v Schriver*, 259 AD2d 863).

We also reject petitioner's claim that the Hearing Officer conducted his own investigation. The Hearing Officer viewed the weapon without petitioner's presence, but petitioner acknowledged that weapons are not brought to the hearing for obvious safety reasons. There is nothing in the record to suggest that the Hearing Officer's knowledge of petitioner's disciplinary record or the Hearing Officer's off-the-record discussion with a witness to determine his availability to testify played any role in the final determination. We have considered petitioner's remaining procedural arguments and find them either unpreserved or lacking in merit. The determination is, therefore, confirmed.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.