■ In the Matter of ERICK SMITH, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [711 NYS2d 365] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of possessing unauthorized organizational materials. Contrary to petitioner's contention, the misbehavior report, as well as petitioner's own testimony and the testimony of a correction officer deemed to be an expert in gang-related material, provide substantial evidence of petitioner's guilt (*see generally, Matter of Baez v Goord*, 264 AD2d 916; *Matter of Velez v Goord*, 262 AD2d 906). We also reject petitioner's contention that he was found guilty of violating an inmate rule which does not exist. Petitioner contends that he was found guilty of using the Swahili language and that there is no inmate rule forbidding this use. However, petitioner's use of the Swahili language is not forbidden; it was the content of the language which violated prison inmate rules. Petitioner's further contention that he did not use the language in a gang-related way raised a credibility issue properly resolved by the Hearing Officer (*see, Matter of Velez v Goord, supra*). Similarly unavailing is petitioner's contention that the search was conducted in retaliation against him. It is noted that the motivation behind the search has no bearing on the issues at the hearing, i.e., whether petitioner possessed unauthorized organizational materials (*see, Matter of Johnson v Scully*, 194 AD2d 605).

Finally, to the extent that petitioner's remaining contentions

have been preserved for our review, we find that they are without merit.

Mercure, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.