# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3038

_____

Inge Smothers

*Plaintiff - Appellant*

v.

Rowley Masonic Assisted Living Community, LLC, doing business as Rowley
Memorial Masonic Home; Kate Klimesh; Kris Siefken

*Defendants - Appellees*

Health Dimensions, Group, doing business as Health Dimensions Consulting, Inc.,
doing business as Rowley Memorial Masonic Home

*Defendant*

Rowley Memorial Masonic Home, doing business as Rowley Masonic Nursing
Home, LLC

*Defendant - Appellee*

Iowa Department of Inspection and Appeals

*Movant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 19, 2022
Filed: March 23, 2023
_____

Before KELLY, WOLLMAN, and KOBES, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Inge Smothers sued her former employers, Rowley Memorial Masonic Home and Rowley Masonic Assisted Living Community, LLC (collectively, Rowley), as well as Administrator Kate Klimesh and Director of Nursing Kris Siefken, for age discrimination under the Iowa Civil Rights Act (ICRA) and the Age Discrimination in Employment Act (ADEA).[1]  Smothers argues that the district court[2] erred by denying her motion to compel and granting summary judgment to the defendants. She also moves to certify a question of law to the Iowa Supreme Court and to supplement the record under seal.  We affirm the district court's judgment, deny the motion to certify, and grant the motion to supplement.

## I.  Background

Smothers worked for Rowley as a certified nursing assistant, certified medical assistant, and phlebotomist beginning in 2003.  She also provided services to a Rowley resident under a private arrangement through which she was compensated by the resident.  In March 2018, Director Siefkin observed Smothers providing services to the resident and learned of the private arrangement.  After informing Administrator

_____

[1]Smothers also sued all defendants for national origin discrimination under ICRA and Title VII.  She has not appealed the district court's grant of summary judgment on that claim.

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Klimesh, the two instructed Smothers to discontinue providing private services to the resident, as it could constitute a conflict of interest in violation of Rowley's policies. Smothers agreed to cease doing so.

Siefkin submitted an incident report to the Iowa Department of Inspections and Appeals (DIA) in April. He reported the conversation with Smothers regarding her services to the resident, as well as stated that he had received an email alleging that Smothers had been making disparaging comments about Rowley and encouraging residents to move elsewhere. He stated that he and Klimesh had decided to suspend Smothers while they investigated the situation. Before they could do so, however, they observed Smothers at the facility outside her work hours. She admitted that she was there to see the resident for whom she had provided services, but claimed that she was not being paid for her time. Klimesh and Siefkin then suspended Smothers for five days to investigate the allegations set forth in the email and her arrangement with the resident. Unable to reach conclusions about Smothers's conduct, Siefkin requested that the DIA investigate the situation, stating that he was concerned about potential financial abuse of the resident. He and Klimesh suspended Smothers indefinitely pending the outcome of the DIA's investigation.

In June 2018, the DIA investigator, Wendy Lemke, verbally informed Klimesh and Siefkin that Smothers had been cleared of wrongdoing and could be returned to work. They declined to reinstate Smothers, however, informing her that they were still awaiting receipt of written documentation of the DIA's conclusions. Smothers resigned on July 28, 2018. Smothers was 59 years old at the time of her suspension and resignation.

## II. Motion to Compel

During the deposition of DIA investigator Lemke, counsel for the DIA asserted statutory privileges related to the investigation and instructed her not to answer

-3-

certain questions. Smothers moved to compel Lemke to answer questions about the details of the DIA investigation, including "the witnesses to the investigation, . . . the details of discussions of the investigation, and how Lemke came to her conclusions." The DIA resisted the motion. The magistrate judge[3] denied Smothers's motion to compel, and the district court overruled Smothers's objections to that order.

For reversal, Smothers must show that the district court committed a "gross abuse of discretion resulting in fundamental unfairness." See In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., 9 F.4th 768, 790 (8th Cir. 2021) (quoting Ahlberg v. Chrysler Corp., 481 F.3d 630, 637–38 (8th Cir. 2007)). This she has not done. The DIA has already provided the information most pertinent to Smothers's claim: the outcome of its investigation and when and how that was communicated to Rowley. Smothers provides no basis for her speculation that Lemke's additional answers would yield evidence of age discrimination. In light of the likely minimal relevance of Lemke's additional answers and the fact that at least some of the information Smothers's seeks was discoverable from other sources, we perceive no abuse of the district court's discretion and cannot say that its denial of the motion resulted in fundamental unfairness to her.

III. Age Discrimination

We review *de novo* the district court's grant of summary judgment, "viewing the facts most favorably to the non-moving party with the benefit of all reasonable inferences." Hilde v. City of Eveleth, 777 F.3d 998, 1003 (8th Cir. 2015). The ADEA and ICRA prohibit age discrimination against an employee who is over the age of forty. 29 U.S.C. § 623(a)(1); Iowa Code § 216.6(1)(a). Smothers may prove her claim of age discrimination through direct evidence or under the McDonnell

---

[3]The Honorable Helen C. Adams, Chief Magistrate Judge, United States District Court for the Southern District of Iowa.

Douglas burden-shifting framework.[4] <u>Tusing v. Des Moines Indep. Cmty. Sch. Dist.</u>, 639 F.3d 507, 515 (8th Cir. 2011). We apply the same analysis under the ADEA and ICRA, acknowledging that the ADEA requires that age be the but-for cause of the adverse employment action, whereas ICRA requires only that age be a motivating factor. <u>Id.</u> at 514. If ICRA's lesser standard is not satisfied, we need not consider the ADEA's but-for causation requirement.

## A. Direct Evidence

Direct evidence of discrimination is that which shows a strong causal connection between the alleged discriminatory animus and the adverse employment action. <u>Torgerson v. City of Rochester</u>, 643 F.3d 1031, 1044 (8th Cir. 2011) (en banc) (citing <u>Griffith v. City of Des Moines</u>, 387 F.3d 733, 736 (8th Cir. 2004)). It must be "sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." <u>Id.</u> (quoting <u>Griffith</u>, 397 F.3d at 736 (internal quotation marks omitted)). Direct evidence can be circumstantial in nature, <u>id.</u>, and "includes 'evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude.'" <u>Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.</u>, 444 F.3d 961, 966 (8th Cir. 2006) (quoting <u>Radabaugh v. Zip Feed Mills, Inc.</u>, 997 F.2d 444, 449 (8th Cir. 1993)).

---

[4]We deny Smothers's motion to certify to the Iowa Supreme Court the question whether ICRA claims should be analyzed under the framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), or that set forth in <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989). <u>See</u> Iowa Code § 684A.1. As we recently reiterated, "absent further instruction from the Iowa Supreme Court to the contrary, we will continue to apply the <u>McDonnell Douglas</u> framework to ICRA discrimination claims at summary judgment." <u>Brandt v. City of Cedar Falls</u>, 37 F.4th 470, 481 (8th Cir. 2022) (quoting <u>Carter v. Atrium Hosp.</u>, 997 F.3d 803, 808 (8th Cir. 2021)).

Smothers identifies only two pieces of evidence that she claims constitute direct evidence of discrimination: Siefkin's deposition testimony and the terminations of two other employees.[5] Taken in context, Siefkin's testimony does not indicate that Smothers's age was the basis for his concerns about her relationship with the resident. Smothers highlights Siefkin's statements that he did not know whether Smothers was having a romantic relationship with a resident and that he would not suspect younger employees of dating residents. He also testified that he would not have suspected any other older employees of dating residents, indicating that his concern was specific to Smothers and not to older employees generally, testimony that does not reflect a discriminatory attitude.

Smothers asserts that two other employees were terminated because of their age, relying entirely on an affidavit setting forth one employee's belief that older, experienced employees were being targeted for termination. A list of employees terminated between January 1 and September 1, 2018, demonstrates that in fact employees of all ages were terminated, and that most of those terminated were under forty years of age. A reasonable fact finder could not conclude from this scant evidence that age actually motivated Smothers's suspensions. Accordingly, we find no direct evidence of age discrimination.

B. <u>McDonnell Douglas</u> Burden-Shifting

Under the <u>McDonnell Douglas</u> framework, Smothers can show the first three elements of a prima facie case of discrimination: (1) she is a member of a protected

---

[5]We decline Smothers's invitation to search the brief or the record for facts that would support her claim. <u>Cf.</u> <u>Gilbert v. Des Moines Area Cmty. Coll.</u>, 495 F.3d 906, 915 (8th Cir. 2007) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." (quoting <u>White v. McDonnell Douglas Corp.</u>, 904 F.2d 456, 458 (8th Cir. 1990) (per curiam))).

class, being over forty years of age; (2) she was qualified for her position and performing adequately; and (3) she suffered adverse employment actions. See Brandt, 37 F.4th at 481. The parties dispute whether Smothers has satisfied the fourth element: that of showing that the circumstances of these actions gave rise to an inference of discrimination. She may do so by presenting evidence of pretext. See Lake v. Yellow Transp., Inc., 596 F.3d 871, 874 (8th Cir. 2010). "A plaintiff may show pretext, among other ways, by showing that an employer (1) failed to follow its own policies, (2) treated similarly-situated employees in a disparate manner, or (3) shifted its explanation of the employment decision." Id. We consider each adverse employment action in turn.

## 1. Five-Day Suspension

Klimesh and Siefkin suspended Smothers for five days beginning April 2, 2018. Smothers alleges that three circumstances give rise to an inference that age discrimination motivated her suspension.

First, Smothers points again to Siefkin's deposition testimony, but as noted above, a full-context reading of that testimony does not suggest discriminatory animus. Second, Smothers alleges that younger employees provided similar services to residents and were not disciplined. The record is devoid of any facts supporting this claim of disparate treatment, however. Smothers's deposition testimony that "other employees" would "help out" with residents is insufficiently specific to support a claim that she was treated differently than younger employees who engaged in the same conduct.

Finally, Smothers alleges that there was no internal investigation into her conduct and that this deviation from policy creates an inference of discrimination. The district court concluded that an investigation did take place, but Smothers asserts that there is a genuine dispute whether one had occurred. She points to a lack of documentation and to discrepancies in Siefkin's and Klimesh's deposition testimony

regarding the investigation. It is apparent that some level of investigation took place, as Siefkin's incident report to the DIA included facts that would not have been immediately obvious in the absence of the questioning of Smothers or the resident. Even if the investigation was not conducted in conformance with Rowley's policies, such an irregularity alone would not support an inference of discrimination. See Edwards v. Hiland Roberts Dairy, Co., 860 F.3d 1121, 1126–27 (8th Cir. 2017) (An employer can choose "not to follow its own personnel policies . . . as long as it does not unlawfully discriminate in doing so. . . . [A] shortcoming in an internal investigation alone, without additional evidence of pretext, would not suffice to support an inference of discrimination on the part of the employer." (internal quotation marks and citation omitted)). We thus conclude that Smothers has not presented any facts that create an inference that age discrimination motivated her five-day suspension.

## 2. Indefinite Suspension

After the five-day suspension period ended, Rowley continued Smothers's suspension indefinitely, stating that she would remain suspended pending the results of the DIA's investigation of potential financial abuse of a resident. Smothers argues that Rowley's failure to reinstate her after the DIA's statement that Rowley was free to do so is evidence of discrimination. She fails to connect this decision to her age, however, and it is not sufficient on its own to give rise to an inference of discrimination.

Smothers also argues that the fact she was not rehired during a worker shortage in which younger employees were hired gives rise to an inference of discrimination. The record does not support this allegation, however. Of the employees terminated between January 1 and September 1, 2018, nineteen were hired after Smothers's indefinite suspension began on April 9; four of those nineteen were over fifty years

old, and one was over sixty years old.[6] The list does not support an inference that age was a basis for not reinstating Smothers. We conclude that Smothers has not presented evidence to support an inference that age discrimination motivated her indefinite suspension.

### 3. Denial of Backpay

Rowley denied Smothers's request for backpay for the period of her suspension. Smothers alleges that a younger employee received backpay after a suspension. A plaintiff can create an inference of discrimination by showing that "substantially younger, similarly situated employees were treated more favorably." Faulkner v. Douglas Cnty. Neb., 906 F.3d 728, 734 (8th Cir. 2018). As an initial matter, the comparator employee was only eighteen months younger than Smothers and was also in her late 50s at the time of the employee's suspension, during which Rowley investigated allegations of neglect. She was reinstated with backpay only after the DIA issued a written notice that cleared the employee of any wrongdoing.[7] Even assuming that the employee was similarly situated to Smothers, she was not substantially younger than Smothers, and thus her reinstatement with backpay does not support an inference that Rowley's denial of Smothers's request was age-based.

Because Smothers cannot create an inference that Rowley's decisions were motivated by her age, she has failed to make a prima facie case of age discrimination.

---

[6]Because this is a list of terminated employees, we give it limited weight in considering the ages of employees *hired* during this timeframe.

[7]Rowley alleges that the only evidence that the employee received backpay is Smothers's deposition testimony, which relied on hearsay. We grant Smothers's motion to supplement the record under seal.

## IV. Constructive Discharge

Smothers claims that she also suffered constructive discharge.[8] "Constructive discharge exists when the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Haskenhoff v. Homeland Energy Sols., LLC, 897 N.W.2d 553, 591 (Iowa 2017) (quoting Van Meter Indus. v. Mason City Hum. Rts. Comm'n, 675 N.W.2d 503, 511 (Iowa 2004)). Constructive discharge is not an independent cause of action, "but must be asserted under a common law or statutory framework, such as the Iowa Civil Rights Act." Id. Thus proof of constructive discharge may show an adverse employment action, but the employee must also establish the remaining elements of a prima facie case of discrimination. See Tatom v. Georgia-Pacific Corp., 228 F.3d 926, 931 (8th Cir. 2000) (listing elements of a prima facie case of age discrimination based on constructive discharge).

Smothers argues that her indefinite suspension without pay constituted constructive discharge from her employment. Even assuming that her suspension rose to the level of intolerable working conditions, there was no "evidence on which to base a reasonable belief that age was a determining factor" in Rowley's decision to suspend her. See Tatom, 228 F.3d at 932. Smothers has not alleged any evidence, other than that discussed above, that raises an inference of age discrimination, and so she has failed to establish her prima facie case.

## V. Conclusion

The judgment is affirmed.

_____

---

[8]Although Smothers alternatively argues that she was wrongfully terminated, the unrebutted evidence of her emailed resignation to Rowley precludes a finding of wrongful termination.