Tommy BURNSIDE, Plaintiff,

v.

Gerard FREY, et al., Defendants.

No. 83–234C(1).

United States District Court,
E.D. Missouri, E.D.

May 27, 1983.

Tommy Burnside, pro se.

Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the defendants to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants contend that the plaintiff has failed to state a cause of action under 42 U.S.C. § 1983.

The plaintiff's cause of action arises out of his incarceration in the Missouri State Prison System. The plaintiff alleges that on December 28, 1982, he was transferred without cause to the Missouri State Penitentiary in Jefferson City, Missouri, from an institution in Pacific, Missouri. He further contends that as a result of this transfer he is being deprived of participation in a sexual offender program provided by Missouri law.

As a general rule, allegations in a pro se complaint are held to less stringent standards than pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In the context of a pro se complaint, even those allegations that are inartfully pled can be "sufficient to call for the opportunity to offer supporting evidence." *Haines v. Kerner,* 404 U.S. at 520, 92 S.Ct. at 595; *Haggy v. Solem,* 547 F.2d 1363 (8th Cir.1977). However, in this instance, this court is convinced that there is not a set of facts that would entitle plaintiff to relief. *See, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

This court recognizes the Supreme Court has held that the Constitution does not require a state to have more than one prison for its prisoners. Furthermore, the Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the state has more than one correctional institution." *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). This court therefore concurs in the defendants' assertion that the plaintiff has no due process expectation under the Constitution to remain in the Missouri Eastern Correction Center.

Accordingly, the defendants' motion to dismiss will be granted.