Alan Ray QUAM, Appellant,

v.

MINNEHAHA COUNTY JAIL, Les Haw-
key, Sheriff of Minnehaha County, Dan
Elliston, Chief Deputy of Minnehaha
County, Unknown Deputies, Appellees.

No. 86–5299.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1987.

Decided June 30, 1987.

Thomas W. Parliman, Sioux Falls, S.D.,
for appellant.

Rita D. Haverly, Sioux Falls, S.D., for
appellees.

Before FAGG, Circuit Judge,
BRIGHT, Senior Circuit Judge, and
WOLLMAN, Circuit Judge.

PER CURIAM.

Alan Ray Quam appeals from the district
court's order granting summary judgment
to the defendants in this 42 U.S.C. § 1983
action. We affirm.

Quam and five other inmates were trans-
ferred to the Minnehaha County Jail follow-
ing their involvement in a disturbance at
the South Dakota State Penitentiary in
which several guards were stabbed. The
six inmates were housed together in a cell-
block separate from the rest of the jail's
population. They did not immediately re-
ceive normal jail privileges. Their gradual
receipt of these privileges was conditioned
on the group's good behavior. After the
group acquired full privileges, however, jail
staff discovered a razor blade and marijua-
na pipe in possession of two of the six
penitentiary transferees. This discovery
resulted in the confinement of the peniten-
tiary transferees in their individual cells
and the temporary loss of their visitation,
recreation, library, and commissary privi-
leges.

 Initially, Quam argues it is inappro-
priate to enter summary judgment against
him because he is a prisoner who filed his
section 1983 complaint without assistance
of counsel. Although Quam is entitled to
the benefit of a liberal construction of his
pleadings because of his pro se status, Fed-
eral Rule of Civil Procedure 56 remains
applicable to Quam's lawsuit. *See, e.g.,*
*Miller v. Solem,* 728 F.2d 1020, 1023–24
(8th Cir.), *cert. denied,* 469 U.S. 841, 105
S.Ct. 145, 83 L.Ed.2d 84 (1984).

 Quam's principal claim on the
merits is that restriction and denial of his
jail privileges violated his right to due pro-

cess. We disagree. The due process clause itself provides no protection against administrative segregation of inmates and creates no entitlement to a particular level of privileges in a prison or jail. *See Hewitt v. Helms,* 459 U.S. 460, 467–70, 103 S.Ct. 864, 869–70, 74 L.Ed.2d 675 (1983); *Clark v. Brewer,* 776 F.2d 226, 230 (8th Cir.1985). Quam's entitlement to privileges can only arise from a liberty interest created by state statutes, regulations, or official policies. *Hewitt,* 459 U.S. at 469, 103 S.Ct. at 870; *Clark,* 776 F.2d at 230. The record in this case, however, fails to establish the existence of any such statute, regulation, or policy. Quam's reliance on the jail's disciplinary policy is misplaced because no disciplinary action was taken against him. Rather, privileges were withdrawn from the entire cellblock in response to discovery by jail authorities of contraband in the possession of two of the inmates transferred from the penitentiary. In the absence of any evidence of a state-created liberty interest in the privileges he was denied, we conclude Quam has failed to establish a denial of due process.

Quam's remaining claims may be dealt with summarily. Contrary to Quam's assertions, a two-day delay in fulfilling his request for a Bible did not violate his right to religious worship. *See Little v. Norris,* 787 F.2d 1241, 1244 (8th Cir.1986) (religious practices subject to reasonable requirements of prison security). In addition, Quam was afforded meaningful access to the courts. He filed this section 1983 action on forms obtained from the district court while he was incarcerated in the county jail, and he had regular access to his court-appointed attorney during this period. Finally, Quam asserts he was subjected to cruel and unusual punishment by being forced to remain handcuffed for nine days following his return from the hospital after treatment for self-inflicted wounds. The handcuffs were removed, however, once Quam agreed not to harm himself further. We agree with the district court's rejection of this claim.

The district court's order is affirmed.