George **WILLIAMS**, Appellant,

v.

Bill **ARMONTROUT**, et al., **Appellees.**

No. 87–2707.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1988.

Decided July 27, 1988.

Rehearing Denied Aug. 24, 1988.

Curtis E. Woods, Kansas City, Mo., for appellant.

Paul LaRose, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ARNOLD, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

George Williams appeals from an order of the district court[1] dismissing as frivolous his *pro se* due process claims in this 42 U.S.C. § 1983 case. We affirm.

## I. BACKGROUND

In 1975, while serving a sentence at the Missouri State Penitentiary, Williams was convicted of the second degree murder of a corrections officer at the prison. After the conviction Williams was placed in administrative segregation. In February 1982 he was transferred to the Special Management Facility, a behavior modification unit which is also considered to be administrative segregation, where he remains to this day. Within the Special Management Facility Williams holds the Management Level I, or most restrictive, classification.

Pursuant to Department of Corrections regulations, Williams's classification has been reviewed every ninety days by a classification committee composed of an associate warden, senior guard captain, director of classification, an institutional chaplain, and the institutional education supervisor. The committee is supervised by an institutional caseworker who may attend meetings, but may not vote. The regulations require that after each review the inmate be provided with the reasons for his continued confinement.

Williams filed a *pro se* complaint in the district court alleging, among other things, that his due process rights were violated because: 1) after each review he is told "as is" and returned to Management Level I; and 2) Gerald Bommel, Williams's caseworker, voted with the classification committee from 1981 through 1984.

The complaint was referred to a United States Magistrate[2] who recommended that Williams's due process claims be dismissed as frivolous under 28 U.S.C. § 1915(d). The district court adopted the magistrate's recommendation and dismissed the claims. Williams appeals.

## II. DISCUSSION

Williams concedes that he has no independent constitutional right to remain in the general prison population. *See Hewitt v. Helms*, 459 U.S. 460, 466–68, 103 S.Ct. 864, 868–70, 74 L.Ed.2d 675 (1983). Therefore, the issue in this case is whether a liberty interest is created by the Department of Corrections regulations. Williams argues that a liberty interest is created by several regulations. Regulation 20–121.-040 provides that "[i]t shall be the role of the Division to follow procedures which will result in prompt return of the inmate to the general population when the security of the institution and inmate permits." Regulation 20–121.010 establishes the composition of the classification committee and provides that "the collective duties of the team will be to make assignments as to housing, job assignments, educational or vocational training, as well as reclassification." This regulation also prohibits the supervising caseworker from voting with the classification committee. Finally, regulation 20–212.060 provides that a review will be conducted at least every three months and that the committee "will specify the origi-

---

1. The Honorable Scott O. Wright, United States Chief District Judge for the Western District of Missouri.

2. The Honorable William A. Knox, United States Magistrate for the Western District of Missouri.

nal date of confinement to the Special Management Unit, the next scheduled review date, and the reasons for continued confinement."

Contrary to Williams's assertion, we believe the district court applied the correct standard in dismissing Williams's complaint. The court read the complaint liberally and dismissed only after finding beyond a reasonable doubt that Williams could prove no set of facts which would entitle him to relief. *See Wilson v. Iowa,* 636 F.2d 1166, 1167–68 (8th Cir.1981). We agree with the district court that Williams has not pleaded a due process violation.

Williams's due process allegations are predicated on a liberty interest which he contends is created by the Department of Corrections regulations. Prison regulations may create a constitutionally protected liberty interest, *see Albers v. Ralston,* 665 F.2d 812, 816 (8th Cir.1981); but the regulations in the instant case do not. In *Nash v. Black,* 781 F.2d 665 (8th Cir.1986), this court discussed a two part test for determining whether a liberty interest has been created. First, "does a statute, regulation, or official policy pronouncement contain *particularized substantive standards* or criteria that significantly guide the decisionmakers;" and second, "does the statute, regulation, or official policy pronouncement use mandatory language requiring the decisionmakers to act in a certain way." *Id.* at 668 (emphasis added).

The regulations cited by Williams do not contain *substantive* criteria for the committee to use when deciding whether to reclassify an inmate; they merely establish procedures. For example, prohibiting caseworkers from voting with the committee in no way guides the committee's decision. The fact that the caseworker ceased voting in 1984 renders this issue moot. Likewise, requiring the committee to report why confinement is continued is not a substantive standard, but is an internal procedural rule.

Because we find that no liberty interest is created by the regulations cited by Williams and because the procedures used

satisfy due process, *see Helms,* 459 U.S. at 472–77, 103 S.Ct. at 871–74, we affirm the order of the district court. Nevertheless, we pause to wonder why the committee can not offer a few more words of explanation than "as is." If Williams is still perceived to be a safety threat because he murdered a guard—not at all an unreasonable perception [3]—perhaps the committee should take a few moments to put this in its report. Had better explanations been provided in the past, this frivolous complaint may never have been filed.

## III. CONCLUSION

Because we find that no due process violation has been alleged, the order of the district court dismissing Williams's *pro se* complaint is affirmed.

---

**3.** "The safety of the institution's guards and inmates is perhaps the most fundamental responsibility of the prison administration." *Helms,* 459 U.S. at 473, 103 S.Ct. at 872.