**Larry Wayne GRASS, Appellant,**

v.

**Willis SARGENT, Warden, Cummins Unit; A.L. Lockhart, Director, Arkansas Department of Correction, Appellees.**

No. 89–2957.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1990.

Decided May 29, 1990.

Larry Wayne Grass, pro se.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Larry Wayne Grass, an Arkansas inmate, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint asserting a violation of his constitutional rights by the Arkansas Department of Correction's newly implemented policy prohibiting smoking in the prison visitation area during visiting hours.

 There is no constitutional right to smoke in prison. *See Doughty v. Board of County Comm'rs*, 731 F.Supp. 423, 426 (D.Colo.1989). The state regulation Grass cites directs prison officials to establish a smoking policy, but does not contain particularized substantive criteria to guide the officials or mandatory language requiring

them to act in a certain way and thus does not create a liberty interest. *See Williams v. Armontrout,* 852 F.2d 377, 379 (8th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 564, 102 L.Ed.2d 589 (1988). Grass's complaint must also fail as an eighth amendment claim because the policy does not deprive inmates of a "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). We agree with the district court that the complaint has no basis in law and is nothing more than a claim of infringement of a legal interest that does not exist. *See Neitzke v. Williams,* — U.S. ——, 109 S.Ct. 1827, 1831, 1833, 104 L.Ed.2d 338 (1989).

Accordingly, we affirm.