**Willie ANDERSON, Plaintiff,**

v.

**Paul K. DELO, et al., Defendants.**

**No. 90–0642C(6).**

United States District Court, E.D. Missouri, E.D.

July 22, 1992.

■

Lawrence Evans, Jr., St. Louis, Mo., for plaintiff.

Susan Bores, Todd Hendrickson, Riezman & Blitz, P.C., St. Louis, Mo., for Paul K. Delo, Larry Scott and Del Casby.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment.

Plaintiff Willie Anderson, formerly an inmate at Potosi Correctional Center (PCC), brings this civil rights action against Paul K. Delo, warden of PCC; Larry Scott, a functional unit manager at PCC; and Del Casby, a PCC employee. He asserts that defendants deprived him of his due process rights under the Fourteenth Amendment and violated the Eighth Amendment's guarantee against cruel and unusual punishment.[1]

On December 12, 1989, Anderson was transferred from the Missouri State Penitentiary (MSP), now known as the Jefferson City Correctional Center, to PCC. He was assigned to the Administrative Segregation Unit. This transfer resulted in the loss of in-cell privileges that Anderson enjoyed while at MSP, the basis of one of his due process claims.[2]

When inmates are transferred to PCC, they are given an intake interview. Anderson's intake interview took place on December 29, 1989. Subsequent review hearings to monitor his assignment to administrative segregation were held on January 10, March 9, April 2, May 1, July 2 and August 21, 1990.

Anderson contends that language in a handout entitled "S.M.U. and T.A.S.C." creates a protected liberty interest in receiving an initial classification hearing within three days of assignment to PCC. Similarly, he maintains that Standard Operating Procedure 21–3.1 gives rise to a liberty interest in a certain composition of persons in attendance at each and every classification committee hearing. Anderson maintains that his intake interview and subsequent hearings were not conducted in compliance with these two procedures, thus depriving him of due process.

Anderson's Eighth Amendment claim alleges that the temperature inside his housing unit during December of 1989 fell to near-freezing temperatures for seven to fourteen days because of a heating system failure. Rather than transferring Anderson or repairing the furnace, Anderson contends that defendants issued him an extra blanket.

Defendants maintain that the heating system did not fail or malfunction during the period in dispute. Delo states in his deposition that he would have been aware of a heating system malfunction if one had occurred and he knows of no such problem in the December of 1989 and January of 1990 time period. Scott similarly testified during his deposition that his job entails fielding inmate complaints and that he does not recall any heating failures. Gary Sutterfield, whose position as plant maintenance engineer at PCC includes the duty to keep records of heating system malfunctions and repairs, submitted an affidavit in which he represents that he does not recollect a failure and the records do not reflect any malfunction or repair. As a defense to each of Anderson's claims, defendants assert their qualified good faith immunity.

■ Initially, the Court notes that Anderson is no longer incarcerated at PCC. To the extent his claims seek injunctive relief, the Court will dismiss them as moot because there is no reasonable expectation that Anderson will be subjected to the same action again. *See Vossberg v. Solem,*

---

1. Although Anderson's fourth count does not make explicit reference to due process, it does assert that plaintiff has a liberty interest protected by the Fourteenth Amendment. Accordingly, the Court has construed the count as advancing a due process claim.

2. Although the lost privileges include the use of religious and legal materials in his cell, Anderson does not assert any First or Sixth Amendment claims.

845 F.2d 763, 770 (8th Cir.), *cert. denied,* 488 U.S. 928, 109 S.Ct. 313, 102 L.Ed.2d 332 (1988).

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.,* 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

A liberty interest protected by the Fourteenth Amendment may arise from the Due Process Clause of the United States Constitution or be created by state laws. *Hewitt v. Helms,* 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983). In this instance, neither freedom from administrative segregation nor the procedures sought by Anderson are inherently protected by the Constitution. *See id.* at 466–68, 103 S.Ct. at 868–69. If a liberty interest exists, the state must have created it.

When a state law or prison regulation uses "explicitly mandatory language in connection with requiring specific substantive predicates," it creates a liberty interest protected by the Fourteenth Amendment. *Id.* at 472, 103 S.Ct. at 871. Regulations that establish procedures, however, do not create liberty interests because they do not set forth substantive standards but merely internal procedures. *Williams v. Armontrout,* 852 F.2d 377, 379 (8th Cir.) (citing examples of procedur-

al requirements such as prohibiting certain committee members from voting or requiring the reporting of reasons for continued confinement), *cert. denied,* 488 U.S. 996, 109 S.Ct. 564, 102 L.Ed.2d 589 (1988). The mere existence of a "careful procedural structure" does not indicate the existence of a liberty interest under the Fourteenth Amendment. *Hewitt,* 459 U.S. at 471, 103 S.Ct. at 871. "It would be ironic to hold that when a State [creates procedural guidelines] it thereby opens the door to scrutiny by the federal courts, while States that choose not to adopt such procedural provisions entirely avoid the strictures of the Due Process Clause." *Id.*

Anderson frames his claims so as to assert a liberty interest in certain procedures but these do not implicate a due process liberty interest. The sections of the documents that Anderson maintains establish a liberty interest do not create substantive rights but merely establish recommended prison procedure. *See, e.g., Strickland v. Delo,* 758 F.Supp. 1319 (E.D.Mo.1991) (finding hearing held in November of 1989 did not violate Constitution because Missouri law did not place limits on composition of classification team).[3]

Neither does the loss of privileges Anderson experienced as a consequence of his transfer to PCC violate the Fourteenth Amendment. The due process clause does not protect inmates from transfers to administrative segregation and it does not create an entitlement to a particular level of privileges in prison. *Quam v. Minnehaha County Jail,* 821 F.2d 522, 523 (8th Cir.1987). Even if a transfer results in the loss of benefits, an inmate does not enjoy a constitutional right to remain in a particular institution. *See Burnside v. Frey,* 563 F.Supp. 1344, 1345 (E.D.Mo.1983) (concluding no constitutional violation when inmate transferred to prison without Missouri Sexual Offenders Program).

As to the Eighth Amendment claim, defendants properly support their

---

**3.** The reasoning in *Brown v. Frey,* 889 F.2d 159, 166 (8th Cir.1989), *cert. denied,* 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990), would yield the same result because defendants' qualified immunity would shield them from liability.

motion for summary judgment with affidavits and sworn testimony that there were no heating problems in December of 1989 or January of 1990. The burden shifts to Anderson to present affirmative evidence in support of his position. *See Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514. His renewed allegation of the claims contained in his second amended complaint do not satisfy his burden. Anderson has not established that there is a genuine issue of fact regarding a heating problem during December of 1989 and January of 1990. The Court will grant summary judgment for defendants on all counts.