**Frederick Leon BOUTCHEE, Appellant,**

**v.**

**Paul GROSSHEIM, sued as Paul W. Grossheim—Director; John A. Thalacker, sued as John Thalacker—Warden; John Sissel, Deputy Warden; Wayne Martin, sued as Wayne Martin—Director of Kirkwood Community College; Darrell Deboom, Academic Advisor of Kirkwood**

---

Community College; Barbara Mulholland, sued as Ms. Barbara Mulholland—Teacher of Kirkwood Community College; Jon Custis, sued as CSI Custis, Lt., Appeals Officer; and William Rindy, SCO, sued as CSI Lt. Rindy, Appellees.

No. 93–1422.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1993.

Decided Dec. 3, 1993.

Rehearing Denied Jan. 12, 1994.

Jeffrey M. Lipman, Urbandale, IA, argued, for appellant.

Kristin W. Ensign, Asst. Atty. Gen., Des Moines, IA, argued, for appellees.

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and JACKSON,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

The plaintiff, Frederick Leon Boutchee, appeals the Magistrate Judge's [1] order in a 42 U.S.C. § 1983 case. Boutchee contends that prison officials and staff members violated his right to due process because they sanctioned him for conduct which was not covered explicitly in prison rules and because the person who issued the violation also determined the sanction. The contested order granted judgment as a matter of law in favor of the defendants. We affirm.

I.

Frederick Boutchee was an inmate at the Iowa Men's Reformatory (IMR). In June of 1991, he was enrolled in a social study class taught at IMR by the defendant Barbara Mulholland. In class one day, Mulholland asked Boutchee if he had finished working on a map. Boutchee responded that it was a drawing, not a map, and said that he was done with it. At this point, Boutchee and Mulholland argued over whether it was a map or a drawing. As a result of this behavior, which she termed "disrespectful," Mulholland issued a Class II minor-infraction

---

* The Hon. Carol E. Jackson, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Hon. John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa, sitting by agreement of the parties under 28 U.S.C. § 636(c).

disciplinary notice to Boutchee and decided that a four-hour lock-up was the appropriate sanction.

The prison's handbook provides that staff members may issue Class II sanctions for minor infractions of prison rules. Defendant's Exhibit C, Iowa State Men's Reformatory, Anamosa, Iowa, *Information Guide* 15 (June 1, 1989). The handbook also indicates a variety of rights and responsibilities for prisoners and provides a non-exclusive list of possible infractions. *Id.* at 4, 15. IMR's handbook defines minor rule violations as "various offenses, including a dirty cell, horseplay, not at bars for count, late for work, on wrong gallery, no light at count, etc." *Id.* at 15. In addition, this handbook states that the reporting staff member will decide what the appropriate sanction for such a violation will be. *Ibid.* Prisoners have 24 hours in which to appeal these sanctions to the hearing officer on duty. *Ibid.*

In accord with the prison handbook and the rules and regulations in effect at the prison in June, 1991, Boutchee appealed the sanction to the hearing officer on duty, Jon Custis. Custis spoke with both Mulholland and Boutchee and affirmed Mulholland's decision. When Custis told Boutchee of his decision, the plaintiff became loud and argumentative and demanded a further appeal to the prison warden. Although Custis told Boutchee that the rules did not provide for such appeals, the plaintiff attempted to appeal the determination anyway by writing to the warden. The assistant warden responded to Boutchee, discussed the matter with him, and took no further action.

The normal routine at IMR is to lock up prisoners for the night at 10:00 p.m. As a result of the sanction, Boutchee served four hours of lock-up time in his own cell, from 6:00 p.m. to 10:00 p.m., and was released from his cell the following morning with the rest of the inmates. The sanction resulted in no further deprivations; Boutchee did not lose any good-time credit, and his security status was not reduced.

## II.

█ In weighing due-process issues in prison discipline cases, courts must balance the threatened deprivation against the need to maintain an efficient institution. See *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). In order to satisfy the requirements of due process, the record must include some evidence which supports the prison's disciplinary decision. *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985); *Engel v. Wendl,* 921 F.2d 148, 149 (8th Cir.1990) (per curiam). The level of process due varies with the severity of the proposed deprivation. For example, although the loss of good-time credits and transfers of inmates to punitive segregation requires a certain amount of process, *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Williams v. Armontrout,* 852 F.2d 377 (8th Cir.), *cert. denied,* 488 U.S. 996, 109 S.Ct. 564, 102 L.Ed.2d 589 (1988), minor sanctions for disciplinary reports can be imposed after significantly less formal procedures.

█ Boutchee received a Class II notice for a minor rule violation, and the prison officials followed the appropriate procedure in the IMR handbook. On the basis of Boutchee's initial appeal, the hearing officer discussed the matter with both Boutchee and Mulholland and affirmed the discipline the instructor suggested. In addition, prison officials allowed Boutchee what amounted to an additional appeal when he wrote to the warden and received a response from the assistant warden. Boutchee asserts that he should have received additional process. We disagree. In essence, Boutchee, a student in a prison classroom, was disciplined for treating his teacher with disrespect. We decline to interfere with a basic disciplinary decision which resulted only in Boutchee's being confined to his cell four hours before other prison inmates were locked up for the night.

Affirmed.