# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2703

_____

| | | |
|---|---|---|
| John M. Baxter, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Curren Everett, Judge, Fulton County; | * | Eastern District of Arkansas. |
| Lloyd Martz, Sheriff, Fulton County, | * | |
| originally sued as Loydd Martz; Jo Ann | * | [UNPUBLISHED] |
| Cunningham, Jail Administrator, Fulton | * | |
| County, originally sued as JoAnn | * | |
| Cunihem; Gene Maguffee, Clerk, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 3, 2004
Filed: June 17, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Former Fulton County Jail (FCJ) detainee John M. Baxter appeals from the district court's[1] adverse entry of judgment and denial of his Federal Rule of Civil Procedure 59(e) motion after a bench trial in his 42 U.S.C. § 1983 action. We affirm.

We conclude that the district court properly rejected Baxter's conditions-of-confinement claims. See Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997) (standard of review). The district court was presented with testimony that (1) Baxter was detained in an 8' by 10' cell, but had 24-hour access to a larger day room; (2) Baxter was allowed outside for doctor visits, haircuts, and court appearances; (3) FCJ did not allow visitors inside the cell blocks because there were not enough officers; (4) Baxter's attorney, who had visited FCJ, had not seen roaches or mice, or perceived unsanitary smells from within the facility; (5) FCJ sprayed regularly for bugs, and had broken toilets repaired within two to three days; and (6) Baxter was never denied access to cleaning supplies. See Bell v. Wolfish, 441 U.S. 520, 539-40, 546 (1979) (if particular condition or restriction of pretrial detention is reasonably related to governmental objective, such as maintaining order, it does not, without more, amount to punishment implicating Due Process Clause); Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no violation where pretrial detainee was subjected to overflowed toilet in his cell for 4 days; analysis of confinement conditions must be based on totality of circumstances and, to prevail, inmate must show officers were deliberately indifferent to risk of harm posed by conditions); cf. Wishon v. Gammon, 978 F.2d 446, 448-49 (8th Cir. 1992) (limiting inmate's out-of-cell recreation time to 45 minutes per week was not unconstitutional where prison records showed inmate had not used all available recreation time, had opportunity to exercise in his cell, and had other opportunities to be out of his cell); Green v. Ferrell, 801 F.2d 765, 771-72 (5th Cir. 1986) (inmates had sufficient recreational

---

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

opportunities because they were detained in 63 square feet cell and had access to larger day room for 5 hours each day).

We conclude that the district court did not clearly err in finding that Baxter failed to establish that unsanitary jail conditions caused the lung infection from which he suffered while detained. Baxter's physician testified that he treated Baxter for a similar lung condition before he was detained, and that he could not attribute the cause of Baxter's infection while in jail to insalubrious conditions at the jail. We also conclude the district court properly rejected Baxter's medical-care claim, based on the lack of evidence that defendants denied or delayed Baxter access to medical care or intentionally interfered with his doctor's prescribed treatment. As to the delay in taking Baxter to the hospital on one particular evening, we note the "night shift lady" involved in that incident is not a defendant. See Estate of Rosenberg v. Crandall, 56 F.3d 35, 37 (8th Cir. 1995) (in actions under 42 U.S.C. § 1983, "[d]efendants are liable for their personal acts only"). Baxter's court-access claim was also properly rejected given the undisputed testimony of Baxter's attorney that he was never denied access to Baxter. See Quam v. Minnehaha County Jail, 821 F.2d 522, 523 (8th Cir. 1987) (per curiam) (detainee was afforded meaningful access to courts because he had regular access to his attorney).

The district court also did not abuse its discretion in denying Baxter's Rule 59(e) motion. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (standard of review). Baxter's remaining arguments are without merit.

Accordingly, we affirm.

_____