**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRED B. SALAS, | No. 13-35504 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01748-RAJ |
| v. | |
| INDEPENDENT ELECTRICAL CONTRACTORS INC, Education Training Fund and IES COMMERCIAL INC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 5, 2015[**]
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,*** Senior District Judge.

In this employment discrimination case, Salas appeals the district court's decision to grant summary judgment to Independent Electrical Contractors, Inc. ("IEC"), and IES Commercial, Inc. ("IES").[1] We affirm the district court's judgment.

1.     Salas's opening brief fails to comply with Federal Rule of Appellate Procedure 28(a)(8)(A) because its argument section omits citations to the record. *See Alaskan Independence Party v. Alaska*, 545 F.3d 1173, 1181 (9th Cir. 2008). But appellees do not dispute the pertinent facts or claim that they have been prejudiced by the omission, and other sections of Salas's opening brief—as well as his reply brief—do cite the record. We therefore exercise our discretion to reach the merits.

2.     The district court properly granted summary judgment to IEC. Under Title VII, IEC is not a "joint labor-management committee" because IEC does not have a labor component. *See* 42 U.S.C. § 2000e-2(d); *Eldredge v. Carpenters 46 N. Cal. Cntys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 535–36 (9th

---

***    The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1]    The parties are familiar with the facts, so we do not recount them here.

2

Cir. 1981). Nor is it an employer under Title VII, the ADEA, or the WLAD because it has only five employees. *See* 42 U.S.C. § 2000e(b) (Title VII, requiring 15 or more employees); 29 U.S.C. § 630(b) (ADEA, requiring 20 or more employees); Wash. Rev. Code § 49.60.040(11) (WLAD, requiring eight or more employees). Finally, IEC was not subject to Washington Revised Code § 49.44.090 because Salas was a tuition-paying apprentice of IEC, not an employee.

3.      The district court also properly granted summary judgment to IES on Salas's disparate treatment claims. Salas failed to establish a prima facie case of disparate treatment because he did not perform satisfactorily at IES. And though he acknowledged that he was not allowed to work on any energized circuits, Salas opened an electrical panel cover in direct violation of IES's safety policy.

4.      The district court properly granted summary judgment to IES on Salas's disparate impact claims under the ADEA and state law. Salas failed to present any evidence of disparate impact at IES. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990) ("[T]he plaintiff must actually prove the discriminatory impact at issue, rather than merely an inference of discriminatory impact."); *Oliver v. Pac. Nw. Bell Tel. Co., Inc.*, 724 P.2d 1003, 1007 (Wash.

3

1986) (en banc) ("The primary means of proving a substantial disproportionate impact on a protected class is through the use of statistical evidence.").

5.       The district court did not abuse its discretion by denying Salas leave to amend his complaint to include disparate impact claims under Title VII.  Salas did not allege disparate impact in his EEOC charge of discrimination.  He therefore failed to exhaust administrative remedies.  The district court properly concluded that it lacked jurisdiction over any disparate impact claims under Title VII and that amendment would be futile.  *See Paige v. California*, 102 F.3d 1035, 1041 (9th Cir. 1996).

6.       The district court did not abuse its broad discretion by denying Salas's third motion to continue.  It granted Salas two prior continuances, and the record contains no indication that a third continuance was warranted or that the court's denial was "'arbitrary or unreasonable.'"  *See United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)).

7.       The district court's finding of no spoliation is not clearly erroneous.  Salas made no showing that IES or IEC destroyed evidence, much less that they engaged in such destruction because the evidence was potentially relevant to the litigation.  *See United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1001 (9th

4

Cir. 2002) ("Defendants engage in spoliation of documents as a matter of law only if they had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed." (quoting *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)).

**AFFIRMED.**