1 The Honorable Richard A. Jones 

2 

3 

4 

5 
 UNITED STATES DISTRICT COURT 
6 WESTERN DISTRICT OF WASHINGTON 
 AT SEATTLE 
7 

8 KIMBERLY ANN JOHNSON, 
 No. 2:18-01678-RAJ 
9 Plaintiff, 
 ORDER ON PARTIES’ 
10 v. MOTIONS FOR SUMMARY 
 JUDGMENT 
11 ALBERTSONS LLC, 

12 Defendant. 

13 
14 This matter comes before the Court on Plaintiff’s motion for partial summary 
15 judgment (Dkt. # 26), Defendant’s cross-motion for summary judgment (Dkt. # 36), and 
16 Defendant’s motion for summary judgment (Dkt. # 29). Having considered the 
17 submissions of the parties, the relevant portions of the record, and the applicable law, 
18 the Court finds that oral argument is unnecessary. For the reasons stated below, 
19 Defendant’s motion for summary judgment is DENIED. Dkt. # 29. Plaintiff’s motion 
20 for partial summary judgment is GRANTED in part and DENIED in part. Dkt. # 26. 
21 Defendant’s cross-motion for summary judgment is DENIED. Dkt. # 36.1 
22 
23 
 1 Defendant also filed a motion to disqualify court reporter Lauren G. Harty. Dkt. # 16. 
24 Specifically, Defendant requested that Ms. Harty be precluded from acting as a court 
25 reporter in any further proceedings. Id. After reviewing the briefings, the Court is 
 deeply discouraged by the breakdown in civility between the parties. The fact that this 
26 dispute could not be resolved without this Court’s intervention is baffling. Regardless, 
 because discovery in this matter is now closed, Defendant’s motion is DENIED as 
27 
 moot. 
1 I. BACKGROUND 
2 Plaintiff Kimberly Johnson (“Johnson” or “Plaintiff”) was hired by Albertsons in 
3 1983. Dkt. # 30-1, Ex. A. Over time, Plaintiff rose to the position of District Manager, 
4 first in the Intermountain West Division and later in the Northwest Division. Dkt. # 41 
5 at ¶¶ 5, 12. In 2013, Plaintiff assumed the district manager position of District 24, in the 
6 Seattle Area. Id. at ¶ 14. 
7 In February 2016, Mr. Robert Backus assumed the role of Senior Vice President 
8 of the Seattle Division. Dkt. # 33 at ¶ 3. According to Plaintiff, Mr. Backus began 
9 “systematically eliminating women” from top management positions in the Seattle 
10 Division. Dkt. # 41 at ¶ 25. In early 2017, Plaintiff claims that she began to have 
11 conversations with Trevor Ennis, Seattle Division Human Resources Director, about the 
12 “bad treatment of female managers” by Seattle division leadership. Dkt. # 40-1, Ex. 1 
13 at 158:13-24. Plaintiff also emailed Albertsons CEO, Bob Miller, with her concerns. 
14 After Plaintiff began raising concerns about gender discrimination, she alleges 
15 that Mr. Backus “hyper-inflated” the sales projections for her district, giving the 
16 appearance that she was under-performing. Dkt. # 41-1, Ex. 6 at ¶ 12. In October 2017, 
17 Plaintiff was placed on a performance improvement plan (“PIP”) because of issues 
18 related to store conditions, leadership, and customer service. Dkt. # 31-2, Ex. G. 
19 Plaintiff alleges that the real reason for the PIP was retaliation for her complaints about 
20 gender discrimination. In April 2018, Plaintiff was terminated because of her alleged 
21 failure to improve consistently, as required under the PIP. Dkt. # 30, Ex. A at 303:1-24, 
22 Ex. 19; Ex. B at 314:19–315:2. According to Plaintiff, her performance did in fact 
23 improve, but she was still terminated. Dkt. # 38 at 15. 
24 Plaintiff now sues Albertsons alleging discrimination and retaliation under Title 
25 VII and the Washington Law Against Discrimination (“WLAD”), RCW 49.60. Dkt. # 
26 1-1. Defendant moves for summary judgment as to all of Plaintiff’s claims. Dkt. # 29. 
27 Plaintiff moves for partial summary judgment as to Defendant’s affirmative defenses 
1 (Dkt. # 26) and Defendant cross-moves for summary judgment as to the after-acquired 
2 evidence defense (Dkt. # 36). 
3 II. LEGAL STANDARD 
4 Summary judgment is appropriate if there is no genuine dispute as to any 
5 material fact and the moving party is entitled to judgment as a matter of law. Fed. R. 
6 Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence 
7 of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). 
8 Where the moving party will have the burden of proof at trial, it must affirmatively 
9 demonstrate that no reasonable trier of fact could find other than for the moving party. 
10 Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). On an issue 
11 where the nonmoving party will bear the burden of proof at trial, the moving party can 
12 prevail merely by pointing out to the district court that there is an absence of evidence to 
13 support the non-moving party’s case. Celotex Corp., 477 U.S. at 325. If the moving 
14 party meets the initial burden, the opposing party must set forth specific facts showing 
15 that there is a genuine issue of fact for trial in order to defeat the motion. Anderson v. 
16 Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The court must view the evidence in the 
17 light most favorable to the nonmoving party and draw all reasonable inferences in that 
18 party’s favor. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000). 
19 However, the court need not, and will not, “scour the record in search of a 
20 genuine issue of triable fact.” Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996); see 
21 also White v. McDonnel-Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (the court 
22 need not “speculate on which portion of the record the nonmoving party relies, nor is it 
23 obliged to wade through and search the entire record for some specific facts that might 
24 support the nonmoving party’s claim”). The opposing party must present significant 
25 and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident 
26 & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and 
27 “self-serving testimony” will not create a genuine issue of material fact. Villiarimo v. 
1 Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); T.W. Elec. Serv. v. Pac 
2 Elec. Contractors Ass’n, 809 F. 2d 626, 630 (9th Cir. 1987). 
3 III. DISCUSSION 
4 A. Defendant’s Motion for Summary Judgment 
5 Defendant moves for summary judgment as to Plaintiff’s claims of gender 
6 discrimination and retaliation under Title VII and the WLAD. Dkt. # 29.2 
7 i. Gender Discrimination 
8 A plaintiff can show discrimination by presenting either direct evidence or 
9 indirect evidence. Enlow v. Salem–Keizer Yellow Cab Co., Inc., 389 F.3d 802, 812 (9th 
10 Cir. 2004); Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty., 189 Wash. 2d 516, 526 
11 (2017). In cases like this one where there is no direct evidence of discrimination, 
12 Plaintiff may prove discrimination using indirect, or circumstantial evidence, under the 
13 burden-shifting framework established in McDonnell Douglas Corporation v. Green, 
14 411 U.S. 792 (1973). Salas v. Indep. Elec. Contractors Inc., No. 11-1748 RAJ, 2013 
15 WL 1898249, at *5 (W.D. Wash. May 7, 2013), aff’d, 603 F. App’x 607 (9th Cir. 2015) 
16 (applying McDonnell Douglas test to ADEA claim on summary judgment). The 
17 McDonnel Douglas framework has been adopted by the Washington Supreme Court 
18 when reviewing WLAD claims. Mikkelsen, at 526. However, for WLAD claims, 
19 employees may also satisfy the pretext prong of the McDonnell Douglas framework by 
20 offering evidence that discrimination was a “substantial factor” in the employer’s 
21 decision to take adverse employment action. Scrivener v. Clark Coll., 181 Wash. 2d 
22 439, 441 (2014). 
23 
24 

25 
 2 Defendant also moves to strike several declarations it contends contain inadmissible 
 evidence. Dkt. # 44. In reviewing the evidence, the Court focused on the admissibility 
26 of the evidence’s content, not on the admissibility of the evidence’s form. See Fraser v. 
 Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003). Where the evidence is substantively 
27 
 inadmissible, the Court has not considered it for the purposes of these motions. 
1 Under the McDonnell Douglas framework, the plaintiff has the initial burden of 
2 establishing a prima facie case of discrimination. McDonnell Douglas, at 802. If she 
3 succeeds in making out a prima facie case, the burden shifts to the defendant to 
4 articulate a legitimate, non-discriminatory reason for its actions. McDonnell Douglas, 
5 at 802. It is then the plaintiff’s responsibility to establish that the defendant’s stated 
6 reason was merely pretext and that the true reason was discriminatory. Id. 
7 To establish a prima facie case of gender discrimination, Plaintiff must show 
8 that: (1) she was within a statutorily protected class, (2) she performed her job 
9 satisfactorily; (3) she suffered an adverse employment action; and (4) her employer 
10 treated her differently than a similarly-situated employee outside of her protected class. 
11 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The burden on Plaintiff 
12 in establishing a prima facie case is “not onerous” and requires only that she establish 
13 facts adequate to permit an inference of discrimination. Patterson v. McLean Credit 
14 Union, 491 U.S. 164, 186 (1989). 
15 Ms. Johnson is a woman, and therefore a member of a protected class. 
16 Defendant does not dispute that Ms. Johnson was terminated and thus suffered an 
17 adverse employment action. The parties do dispute the quality of Plaintiff’s job 
18 performance. Plaintiff offers evidence that her performance was satisfactory until 2016. 
19 See Dkt. # 41 at ¶¶ 6-7; Dkt. # 40-1; Dkt. # 31-1, Ex. D. Plaintiff also challenges 
20 Defendant’s reliance on her performance issues in 2016, offering evidence that 2016 
21 was a difficult year for many districts and that District 24 still experienced some 
22 success. Dkt. # 40-1, Ex. 6; Dkt. # 40-1, Ex. 1. Finally, Plaintiff offers evidence that 
23 later performance issues in 2017 and 2018 were the result of Albertsons intentionally 
24 “hyper-inflat[ing]” her district’s sales projections and that her performance metrics had 
25 improved by April 2018, when she was terminated. See Dkt. # 41-1, Ex. 6 at ¶¶ 13-19; 
26 Dkt. # 40-1, Ex. 7 at 72:15-18; Dkt. # 41 at ¶ 39-44; see also Dkt. # 40-1, Ex. 3. 
27 
1 To prevail, however, Plaintiff must still show that she was treated differently 
2 than a similarly-situated employee outside of her protected class. Here, Plaintiff offers 
3 evidence that the District 24 district manager position was filled by a male employee, 
4 Brett Podnar, and that Mr. Podnar was treated more favorably than Plaintiff. Dkt. # 40-
5 1, Ex. 4; Dkt. # 41-1, Ex. 4, at ¶ 26.3 
6 In opposing summary judgment, an employee’s evidentiary burden to establish a 
7 prima facie case is not onerous. See Aragon v. Republic Silver State Disposal, Inc., 292 
8 F.3d 654, 659 (9th Cir. 2002) (The “requisite degree of proof necessary to establish a 
9 prima facie case for Title VII ... on summary judgment is minimal and does not even 
10 need to rise to the level of a preponderance of the evidence.”). Viewing the evidence in 
11 the light most favorable to Plaintiff, the Court concludes that Plaintiff has established a 
12 prima facie case of discrimination. The burden then shifts to Albertsons to demonstrate 
13 a lawful motive for discharge. 
14 Albertsons contends that Johnson was terminated because of performance issues. 
15 Dkt. # 44 at 8. This is a legitimate, nondiscriminatory reason for termination and thus, 
16 under McDonnell Douglas, the burden now shifts to Johnson to put forth evidence that 
17 Albertson’s reasons are pretextual. A plaintiff can show pretext in two ways: either 
18 “directly by persuading the court that a discriminatory reason more likely motivated the 
19 employer or indirectly by showing that the employer’s proffered explanation is 
20 unworthy of credence.” Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 
21 (1981). Because Johnson has not offered any direct evidence of discrimination, she 
22 must instead provide “specific” and “substantial” circumstantial evidence that 
23 Albertsons’ explanation for her termination is pretextual. Earl v. Nielsen Media 
24 Research, Inc., 658 F.3d 1108, 1113 (9th Cir. 2011). 
25 
 3 The parties dispute whether Plaintiff was replaced by a male employee. Defendant 
26 argues that Plaintiff was actually replaced by Eureka McCrae, a female employee. Dkt. 
 # 44 at 7. However, as the non-moving party, the Court must view the evidence in a 
27 
 light most favorable to Plaintiff. 
1 Johnson first points to the timing of her termination to support her claim that 
2 Albertsons’ explanation is a pretext for discrimination. Specifically, Johnson notes that 
3 she was placed on a performance improvement plan mere months after she began 
4 complaining about gender discrimination and terminated shortly thereafter. See Dkt. # 
5 41 at ¶ 42; Dkt. # 40-1, Ex. 11 at 61:22-25, 62:1; Dkt. # 41-1, Ex. 6 at ¶ 12; see also 
6 Passantino v. Johnson & Johnson, 207 F.3d 599, 612 (9th Cir. 2000). Although the 
7 timing of Johnson’s termination, alone, is insufficient to establish pretext, Johnson also 
8 provides evidence that Mr. Backus hyper-inflated District 24’s sales projections after 
9 she raised concerns about gender discrimination. Dkt. # 41-1, Ex. 6 at ¶¶ 13-19. 
10 Similarly, Johnson offers evidence that the performance metrics in her district had 
11 improved by early 2018, prior to her termination, undermining Albertsons’ claim that 
12 she was terminated because of her failure to improve. Dkt. # 41 at ¶ 58, Ex. C; Dkt. # 
13 40-1, Ex. 3. Plaintiff’s claims of pretext are further bolstered by evidence of internal 
14 discussions among Albertsons leadership regarding the need to increase the legal fees in 
15 the FY 2018 budget because of Johnson. Dkt. # 40-1, Ex. 2. Finally, Plaintiff notes that 
16 several other female employees were demoted or terminated after Mr. Backus became 
17 the Senior Vice President of the Seattle Division. See Dkt. # 40-1, Ex. 4 at 141:1-25, 
18 142:1-25, 143:1,144:1-13; Dkt. # 40-1, Ex. 5 at 103:4-18, 104:9-25, 105:1-19; Dkt. # 
19 40-1, Ex. 4 at 137:15-25, 138:1-25, 139:1-14. 
20 Viewing the evidence in the light most favorable to Plaintiff, the Court finds that 
21 the record contains reasonable but competing inferences of both discrimination and 
22 nondiscrimination on the basis of gender. Accordingly, Plaintiff’s claim for gender 
23 discrimination must be resolved by a jury. 
24 ii. Retaliation 
25 Defendant also moves for summary judgment as to Plaintiff’s Title VII and 
26 WLAD retaliation claims. Because Washington courts look to federal law when 
27 analyzing retaliation claims, the Court considers Plaintiff’s Washington state law claim 
1 and Title VII claim together. Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065 (9th 
2 Cir. 2003), as amended (Jan. 6, 2004); Graves v. Dep’t of Game, 76 Wn. App. 705, 712 
3 (1994). The standard for retaliation under Title VII and the WLAD is identical, except 
4 for the causation element. Under Title VII, Johnson must establish the “but-for” cause 
5 of the adverse employment action, while under the WLAD she must demonstrate that 
6 the protected activity was a “substantial factor” in Albertsons’ decision to take the 
7 adverse employment action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 
8 (2013) (Title VII retaliation claims “require proof that the [employer’s] desire to 
9 retaliate was the but-for cause of the challenged employment action”); Allison v. Hous. 
10 Auth. of City of Seattle, 118 Wn.2d 79, 95(1991) (rejecting “but-for” standard of 
11 causation in favor of more lenient “substantial factor” standard). 
12 As with her discrimination claim, Johnson must first establish a prima facie case 
13 of retaliation, including: (1) that she engaged in a protected activity, (2) that she 
14 suffered an adverse employment action, and (3) that there was a causal link between her 
15 activity and the employment decision. Raad v. Fairbanks North Star Borough Sch. 
16 Dist., 323 F.3d 1185, 1196–97 (9th Cir. 2003). If Johnson is able to assert a prima facie 
17 retaliation claim, the “burden shifting” scheme articulated in McDonnell Douglas 
18 applies. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002). 
19 Johnson satisfies the first two elements: (1) she raised concerns about gender 
20 discrimination and (2) she was terminated. The only remaining question, then, is 
21 whether there is a causal link between her complaints about gender discrimination and 
22 her subsequent termination. As discussed in more detail above, Plaintiff offers 
23 evidence of the timing of her termination, intentionally inflated sales projections, 
24 general animosity towards her by Mr. Backus and others, internal discussions regarding 
25 legal fees related to Plaintiff, and evidence that performance in Plaintiff’s district had 
26 improved shortly before her termination. See supra at 6-7. Viewing this evidence in 
27 the light most favorable to Plaintiff, the Court finds that a reasonable juror could find a 
1 causal connection between Johnson’s complaints of gender discrimination and her 
2 termination. 
3 The burden then shifts to Defendant to demonstrate a legitimate reason for the 
4 termination. As discussed above, Albertsons has met this burden of production, so the 
5 burden shifts back to Plaintiff to show that the reason is pretext for retaliation. 
6 Although a close call, given the totality of the circumstances, a reasonable juror could 
7 find that Albertsons’ explanation for Plaintiff’s termination was a pretext for retaliatory 
8 motive. Thus, because Plaintiff has demonstrated a genuine issue of material fact, her 
9 claim for retaliation must go to the jury. Defendant’s motion for summary judgment is 
10 DENIED. 
11 B. Plaintiff’s Motion for Partial Summary Judgment 
12 Plaintiff separately moves for partial summary judgment as to Defendant’s 
13 affirmative defenses. Dkt. # 26. Defendant cross-moves for summary judgment as to 
14 the after-acquired evidence defense. Dkt. # 36. 
15 i. Failure to state a claim 
16 Plaintiff moves for judgment as a matter of law dismissing Defendant’s 
17 affirmative defense for failure to state a claim. Dkt. # 26 at 6. Plaintiff argues that this 
18 defense is frivolous because Plaintiff has clearly stated a claim for gender 
19 discrimination and retaliation. Dkt. # 26 at 7. Defendant does not dispute that Plaintiff 
20 has stated a claim for gender discrimination and retaliation under Title VII and the 
21 WLAD. However, Defendant argues that the “phrasing” of Plaintiff’s claims does not 
22 “foreclose the possibility that she may attempt to shift her legal theories beyond gender-
23 based disparate treatment and retaliation.” Dkt. # 36 at 5. Defendant does not identify 
24 what these potential new theories of liability might be or offer any other support for its 
25 
26 
27 
1 speculation that Plaintiff may attempt to expand the scope of her theories of liability.4 
2 Plaintiff’s motion is GRANTED. 
3 ii. Statute of limitations and Scope of EEOC charge 
4 Plaintiff also moves for summary judgment as to Defendant’s statute of 
5 limitations and scope of EEOC charge defenses. Dkt. # 26 at 8. The parties do not 
6 dispute that Plaintiff’s claims for gender discrimination and retaliation under Title VII 
7 and the WLAD were filed within the applicable statute of limitations and are within the 
8 scope of her EEOC charge. Instead, Defendant again expresses concerns that Plaintiff 
9 may attempt to assert new alternative theories of liability at some point in the indefinite 
10 future. Defendant offers no evidence to support this assertion beyond what appears to 
11 be blind speculation. As explained above, this is insufficient to survive summary 
12 judgment.5 Accordingly, Plaintiff’s motion is GRANTED. 
13 iii. Scope of employment 
14 Plaintiff next moves for summary judgment as to Defendant’s scope of 
15 employment affirmative defense. Defendant argues that it cannot be held liable if 
16 Plaintiff cannot prove that its employees were acting within the scope of their 
17 employment when they engaged in discriminatory practices. 
18 Plaintiff argues that no genuine issue of material fact exists that Mr. Schroeder, 
19 Ms. Morris, and Mr. Backus were acting within the scope of their employment with 
20 Albertsons when they engaged in discrimination. Dkt. # 26 at 10-11. Plaintiff notes 
21 that Schroeder and Morris are both corporate officers within Albertsons and that the 
22 

23 4 In addition, failure to state a claim is not a proper affirmative defense. Barnes v. AT & 
 T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 
24 2010). 
25 
 5 The Court also notes that at this stage in the litigation it would be improper and highly 
 prejudicial for Plaintiff to attempt to raise new theories of liability. See Coleman v. 
26 Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (holding that allowing the 
 plaintiffs to proceed with a new theory of liability after the close of discovery would 
27 
 prejudice the defendants). 
1 decision to terminate Plaintiff was within the scope of their employment. Dkt. # 26 at 
2 11. Defendant offers no evidence in response, instead arguing that it is Plaintiff’s 
3 responsibility to prove this element at trial. Dkt. # 36 at 7. This is insufficient. Where 
4 Plaintiff as the moving party establishes that no genuine issue of fact exists, Defendant 
5 must counter with evidence of a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 
6 477 U.S. 242, 250 (1986). Plaintiff’s motion for summary judgment dismissing 
7 Defendant’s scope of employment defense is GRANTED. 
8 iv. Independent, intervening, and unforeseeable acts 
9 Defendant waives this affirmative defense. Dkt. # 36 at 7. Plaintiff’s motion is 
10 DENIED as moot. 
11 iii. After acquired evidence 
12 The parties cross-move for summary judgment as to Defendant’s after-acquired 
13 evidence affirmative defense. 6 The after-acquired evidence defense applies when “the 
14 employer discovers evidence of wrongdoing that, in any event, would have led to the 
15 employee’s termination on lawful and legitimate grounds.” McKennon v. Nashville 
16 Banner Publishing Co., 513 U.S. 352, 354 (1995). To establish this defense, Defendant 
17 must: (1) present after-acquired evidence of Plaintiff’s misconduct; and (2) prove by a 
18 preponderance of the evidence that it would have fired Plaintiff for that misconduct. 
19 April v. U.S. Airways, Inc., No. CV-09-1707-PHX-LOA, 2010 WL 1196015, at *2 (D. 
20 Ariz. Mar. 23, 2010). 
21 Defendant argues that summary judgment is appropriate because after Plaintiff 
22 was terminated, Albertsons discovered a legitimate nondiscriminatory reason for which 
23 Plaintiff would have been fired. Specifically, Defendant claims that it later learned that 
24 Plaintiff retained various documents belonging to Defendant after her termination and 
25 

26 6 As Plaintiff correctly notes, Defendant’s cross-motion for summary judgment as to the 
 after-acquired evidence affirmative defense was filed after the deadline for dispositive 
27 
 motions. Although Defendant’s motion is untimely, the Court will still consider it. 
1 forwarded emails from Defendant’s email system to her own personal email address in 
2 violation of Albertsons’ policies. Dkt. # 36 at 6. According to Defendant, these 
3 violations “could easily have justified” Plaintiff’s termination. Id. Plaintiff argues that 
4 this defense must be dismissed because Defendant has not provided sufficient evidence 
5 to show that Albertsons would have terminated Plaintiff for violations of the policies. 
6 Here, the Court finds that there is still a genuine issue of material fact as to whether 
7 Defendant would have terminated Plaintiff based on this after-acquired evidence. 
8 Defendant’s cross-motion for summary judgment as to the after-acquired evidence 
9 defense is DENIED. Plaintiff’s motion is also DENIED. 
10 C. Punitive Damages 
11 Finally, the parties cross-move for summary judgment as to Plaintiff’s claim for 
12 punitive damages. Punitive damages are available for violations of Title VII where the 
13 plaintiff can show that the employer engaged in a discriminatory practice(s) with malice 
14 or reckless indifference. 42 U.S.C. § 1981a(b)(1). The plaintiff must also “impute 
15 liability for punitive damages to [the] respondent” by showing that the discrimination 
16 was committed by a managerial employee acting within the scope of his or her 
17 employment. Kolstad v. Am. Dental Ass’n, 527 U.S. 526, 540-41 (1999). 
18 Plaintiff asks the Court to find as a matter of law that the Albertsons’ employees 
19 who allegedly engaged in discrimination, namely Robert Backus, Karl Schroeder, Susan 
20 Morris, and Trevor Ennis” were sufficiently “high placed” to impute liability to 
21 Defendant. Dkt. # 26 at 12. The Court agrees that there is no material question of fact 
22 as to whether the alleged discrimination was committed by a managerial employee. 
23 Based on the record before the Court, Mr. Schroeder, Mr. Morris, and Mr. Backus were 
24 all managerial employees at the time they allegedly discriminated against Plaintiff. 
25 Defendant offers no evidence to contest this. Accordingly, with respect to whether the 
26 employees who engaged in the allegedly discriminatory practices were sufficiently 
27 
1 senior to impute liability to Defendant, Plaintiff’s partial motion for summary judgment 
2 is GRANTED. 
3 Defendant does not appear to dispute the managerial status of Backus, Schroeder, 
4 Morris, and Ennis. Instead, Defendant argues that Plaintiff cannot show that Backus, 
5 Schroeder, Morris, or Ennis acted with malice or reckless indifference. Here, the Court 
6 finds there is still a material question of fact as to whether the “malice or reckless 
7 indifference” standard has been met. Accordingly, Defendant’s motion for summary 
8 judgment as to Plaintiff’s punitive damages claim is DENIED. 
9 
10 IV. CONCLUSION 
11 For the foregoing reasons, Defendant’s motion for summary judgment is 
12 DENIED. Dkt. # 29. Plaintiff’s motion for partial summary judgment is GRANTED 
13 in part and DENIED in part. Dkt. # 26. Defendant’s cross-motion for summary 
14 judgment is DENIED. Dkt. # 36. 
15 
16 DATED this 28th day of January, 2020. 
17 
 A 
18 
19 
 The Honorable Richard A. Jones 
20 
 United States District Judge 
21 

22 
23 
24 
25 
26 
27